# ROBINSON *v.* THE STATE.

1. If in a trial for murder the law of voluntary manslaughter is not involved, the court should not charge thereon, but so doing will not, in such a case, be cause for a new trial, if the accused be rightly convicted of murder, or if, though he be convicted of voluntary manslaughter only, a verdict of murder was really demanded. If, however, in such a case, the accused be convicted of voluntary manslaughter when there was evidence which would have warranted an acquittal, or when his statement, if believed, would have so warranted, there should be a new trial.

2. Setting aside a juror for cause after the panel of forty-eight has been made up in a felony case and the selection of the jury to try the same has been begun is not cause for new trial. *Doyal* v. *State*, 70 *Ga.* 134, 142.

3. After the original panel of forty-eight has been exhausted, it is a matter of discretion with the judge as to what numbers of jurors shall compose the succeeding panels to be put upon the accused.

4. Inaccuracies in explaining to jurors the meaning of the questions propounded on their voir dire will not, in a plain case of guilt and when no injury to the accused is affirmatively shown, require a conviction to be set aside.

5. When in his charge the judge informs the jury that the contentions of the parties are so and so, it will, in the absence of a certificate from him to the contrary, be presumed that his statement of such contentions was correct.

6. Objectionable remarks by a solicitor-general in his argument to the jury afford no cause for a new trial when no exception was taken thereto and no ruling of the court invoked thereon. It does not, in the present case, appear that the argument of the solicitor-general was in any respect unfair or prejudicial to the accused.

7. Irregularities in the conduct of jurors trying a criminal case, such as the separation of some of them from their fellows, and the like, is not cause for a new trial, when it affirmatively appears that no injury resulted therefrom to the accused.

8. It is too late to poll a jury after the sentence of the court has been pronounced. There is in the record evidence warranting a finding that the request to poll in this case was made after sentence.

Argued December 18, 1899. — Decided January 24, 1900.

Indictment for murder. Before Judge Brinson. Burke superior court. October 23, 1899.

*Phil. P. Johnston,* for plaintiff in error.
*W. H. Davis, solicitor-general,* by *A. H. Davis,* contra.

LUMPKIN, P. J.   The accused, James Robinson, a white man, was indicted for the murder of Gilbert Ellison, a colored man. A verdict of voluntary manslaughter was returned, and a mo-

tion for a new trial, embracing many grounds, was made and overruled. We do not think that any of these grounds, or that all of them together, would justify us in reversing the judgment denying a new trial. The law announced in the first headnote presents in condensed form the result of numerous adjudications by this court. We do not care to cite the cases, for the doctrine laid down should by this time be familiar to all who are concerned with the administration of the criminal law. The attorney for the plaintiff in error who argued the case here recognized the correctness of this doctrine, and had no objection to it. His position was, that the proper application of it would entitle his client to a new trial; for he contended that the evidence for the State made a case of murder, the statement of the accused one of self-defense, and that there was no middle ground or any basis whatever for the verdict of voluntary manslaughter. If his premises were correct, his conclusion would follow; but, after a thorough and careful study of the evidence and the statement, we are unable to agree with him as to these matters. A long and tedious discussion of the facts would be of no practical benefit to any one, and we shall therefore simply state the result of our examination and consideration of the evidence and the statement. The testimony offered in behalf of the State would well have warranted a finding that the accused committed a cold-blooded and wanton murder, and such, we believe, is the truth of the case; but, for reasons to be presently stated, a verdict of murder was not absolutely demanded. The statement of the accused would have warranted, but did not demand, an acquittal. There was some little evidence, and a portion of the statement, sufficiently bringing into the case the theory of mutual combat to authorize a charge on voluntary manslaughter and a conviction of this offense at the hands of a jury who wished to lean strongly to the side of mercy. We therefore approve the charge on voluntary manslaughter, and, on the merits of the case, decline to disturb the jury's finding. There was too much of righteousness in it for us to set it at naught.

The foregoing disposes of the main contention of the plaintiff in error, and our rulings upon the other questions involved

in the case are briefly stated in the headnotes.    We do not think further comment necessary, except to make a brief reference to the point decided in the last note.    The well-settled rule that a request to poll a jury should be made before the members of it disperse and mingle with the bystanders is, of course, based upon the idea that it would be dangerous to allow a juror who might have heard something calculated to change his mind to have an opportunity to recede from a verdict to which he had really agreed.    Certainly, nothing would be more likely to have such an effect than a sentence of which a juror did not approve. In this case, the punishment inflicted was, we are informed, a a term of fifteen years in the penitentiary, and it would not have done to allow the jury to be polled after they knew what the judgment of the court was.    We think it was a proper one, but no man can tell how the jurors may have regarded it, or that, after it was announced, some of them might not have desired to annul a verdict to which they had deliberately assented.

*Judgment affirmed.    All the Justices concurring.*