### 10126.   CANADY *v.* THE STATE.

Although the law of manslaughter should not be given in charge to the jury in a case in which that grade of homicide is not involved, the giving of instructions thereon is not prejudicial and not cause for a new trial to one convicted of voluntary manslaughter when the evidence for the State made a case of murder and none of the evidence nor the statement of the defendant would justify an acquittal.

DECIDED FEBRUARY 1, 1919.

Indictment for murder—conviction of voluntary manslaughter; from Calhoun superior court—Judge Harrell. August 17, 1918.

*C. J. Taylor,* for plaintiff in error.
*R. C. Bell, solicitor-general, F. A. Hooper,* contra.

BLOODWORTH, J. The only special ground of the motion for new trial complains that the court erred in charging the jury upon voluntary manslaughter. "Though a charge upon the law of voluntary manslaughter was barely warranted, the fact that such a charge was given does not, in the present case, present any reason for granting the accused, who was convicted of this offense, a new trial; for the State's evidence made against him a case of murder, and there was no testimony which would have justified an acquittal. The homicide being manifestly felonious, and the verdict being the most favorable to the accused which could, in any view of the case, have been rendered, he was not injured by an instruction which afforded the jury an opportunity to thus grade the crime." *Carver* v. *State,* 105 *Ga.* 461 (30 S. E. 433). But even if voluntary manslaughter was not involved in this case, neither the evidence of the witnesses nor the statement of the defendant would warrant an acquittal, and the rule is thus laid down in *Robinson* v. *State,* 109 *Ga.* 506 (34 S. E. 1017) : "If in a trial for murder the law of voluntary manslaughter is not involved, the court should not charge thereon, but so doing will not, in such a case, be cause for a new trial, if the accused be rightly convicted of murder, or if, though he be convicted of voluntary manslaughter only, a verdict of murder was really demanded. If, however, in such a case, the accused be convicted of voluntary manslaughter when there was evidence which would have warranted an acquittal, or when his statement, if believed, would have so warranted, there should be a new trial." We can say of the verdict in the instant case as was said by Judge Lumpkin of the verdict in the *Robinson* case, "There was too much of righteousness in it for us to set it at naught."

*Judgment affirmed. Broyles, P. J., concurs. Stephens, J., concurs dubitante.*