### 10268.   McCRACKIN *et al. v.* THE STATE.

BLOODWORTH, J.   1. The accused was tried for murder and convicted of voluntary manslaughter. Under the facts of the case, as shown by the record, a new trial is demanded because the court erred in charging the jury on voluntary manslaughter. See *Coleman* v. *State*, 121 *Ga.* 594 (49 S. E. 716); *Robinson* v. *State*, 109 *Ga.* 506 (34 S. E. 1017).
2. As the case is to be tried again, it is unnecessary to pass upon the other assignments of error.
  *Judgment reversed. Stephens, J., concurs. Broyles, P. J. dissents.*
                DECIDED SEPTEMBER 19, 1919.

Indictment for murder; from Colquitt superior court—Judge Thomas.   November 30, 1918.

*James Humphreys, E. E. Cox,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.

BROYLES, P. J., dissenting.   In my opinion the law of voluntary manslaughter was involved in this case.   Some of the evidence for the State showed a voluntary and unlawful homicide.   Other evidence for the State showed that the homicide was committed with malice.   The evidence for the State, as a whole, established a case of murder.   Parts of the defendants' statements merely showed that the killing was without malice, either express or implied.   Other parts of the statements showed that the killing was justifiable.   The statements, as a whole, showed a case of justifiable homicide.   The jury in a criminal case, however, can believe a part, or parts, of the defendant's statement and reject other parts.

They can also believe a part of the statement in preference to the sworn testimony of the State, and reject that part of the State's evidence which is in conflict with that part of the statement. So, in this case, the jury were authorized to believe that part of the State's evidence which showed that the killing was voluntary and unlawful, and to reject that part which showed malice, and which was in conflict with those portions of the defendants' statements which showed no malice. They also had the power to accept as true those portions of the defendants' statements which showed that the killing was done without malice, and to reject those portions of the defendants' statements which showed that the killing was done without malice, and to reject those portions of the statements which showed justifiable homicide. It follows that the jury were authorized, by so combining portions of the State's evidence and portions of the defendants' statements, in finding that the homicide was voluntary and unlawful, but without any malice, either express or implied—and every such homicide is voluntary manslaughter. The statements of the defendants showed that an actual unprovoked assault, with a deadly weapon, was made upon them by the deceased immediately preceding the killing. This was sufficient to authorize an inference by the jury that the unprovoked assault upon the defendants by the deceased had so suddenly aroused their passion that the killing was the result thereof, and that there was no deliberation or malice upon their part. The court, therefore, did not err in instructing the jury upon the law of voluntary manslaughter.