FAUST *v.* THE STATE.

No. 17437.  Submitted April 10, 1951—Decided May 14, 1951.

*Swift Tyler, Wilbur B. Nall,* and *Marvin O'Neal Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General, Frank S. French, Lay Milam, Charlie O. Murphy,* and *J. R. Parham, Assistant Attorney-General,* contra.

DUCKWORTH, Chief Justice. The special ground of the motion for new trial complains solely because of the failure to charge voluntary manslaughter as defined in Code § 26-1007. The State's attorneys contend that, if voluntary manslaughter is involved, it was injected into the case solely by the statement of the accused upon the trial and, as repeatedly held by this court, the judge was not required to charge thereon in the absence of a timely request so to do.

The fallacy of this contention lies not in the rule of law invoked, but rather in the evidence as shown by the record. Two witnesses for the State testified as to statements made by the accused, in which he admitted the shooting but added the exculpatory statements to the effect that the deceased was advancing upon him with a knife, had him hemmed in, and actually took hold of his jacket. Code § 26-1007 defines voluntary manslaughter as a killing when there is an "actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied." The foregoing testimony of the State's witnesses was sufficient to authorize the jury to find that the deceased had made an actual assault upon the defendant, and that he was attempting to commit a serious personal injury on the defendant; therefore the jury would have been authorized to have found an absence of malice and to have convicted the accused of voluntary manslaughter. Furthermore, the fact that the deceased, angered because the woman with whom he had been living was with the defendant, was attacking her with a knife in the presence of the defendant and manifested anger toward the defendant, would have authorized the jury to find that these facts amounted to "other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice," as provided in the above section of the Code.

Counsel for the State largely rely upon the decision in *Irwin* v. *State,* 194 *Ga.* 690 (22 S. E. 2d, 499), to support their contention that this record shows that the accused was either guilty of murder or innocent. In that case, as in the instant one, witnesses for the State testified as to voluntary statements of the accused, in which he admitted the killing but added exculpatory statements. Here those statements might show danger of serious injury short of a felony, while there the threat of injury—being that of shooting—would have been a felony and, if the jury believed the threat there shown, they would have been required to acquit the accused, but here they might have found him guilty of voluntary manslaughter. This distinction between the facts renders that decision inapplicable to the present case. The evidence, independent of the statement by the defendant, being sufficient to make a case involving voluntary manslaughter, the court erred in failing to charge thereon, even though no request to so charge was made. *Burke* v. *State,* 196 *Ga.* 702 (27 S. E. 2d, 313).

*Judgment reversed. All the Justices concur.*