39388. HARRIS v. THE STATE.

DECIDED JUNE 18, 1962.

*Elsie H. Griner, Edward Parrish,* for plaintiff in error.

*Vickers Nugent, Solicitor General,* contra.

FRANKUM, Judge. Movant contends that the jury's verdict should be set aside because the evidence demanded a conviction of murder or acquittal and that the law of involuntary manslaughter was not involved in the case.

The defendant, in her statement to the jury, said: "Of course I didn't give him this stuff to kill him. I didn't give it to him. I put it in the car—just a tiny bit. It might make him sick where he would quit drinking whisky so I could stay in the house." And, "I sure didn't mean to hurt him, but I sure meant to make him sick." It is obvious that when the defendant referred to "stuff," she had reference to strychnine. "It is . . . well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited." *May v. State,* 24 Ga. App. 379, 382 (100 SE 797). "An admission of the accused in open court, made as a part of his statement on the trial, may be treated by the jury as direct evidence of that fact." *Hargroves v. State,* 179 Ga. 722 (4) (177 SE 561). To the same effect see *Barbour v. State,* 66 Ga. App. 498 (18 SE2d 40).

In the trial of one for murder, if there is any evidence to raise a doubt, even though slight, regarding the intention to kill, the court is required to charge upon the subject of involuntary manslaughter. *Balkcom v. State*, 86 Ga. App. 513 (71 SE2d 554). The defendant's extra-judicial admissions to the sheriff and her statement to the jury on the trial of the case were exculpatory insofar as they related to the issue as to whether or not she intended to kill Dock Crawford, a necessary ingredient of the offense of murder, but inculpatory insofar as they related to the offense of involuntary manslaughter in the commission of an unlawful act. The evidence, when considered in connection with the defendant's statement to the jury, would not authorize an acquittal under any theory. Therefore, the defendant will not be heard to complain since she was convicted of the lowest grade of unlawful homicide involved under the evidence and her statement. See *Canady v. State*, 23 Ga. App. 375 (98 SE 188); *Lewis v. State*, 17 Ga. App. 195 (86 SE 413); *Partee v. State*, 19 Ga. App. 752 (4) (92 SE 306); *Robinson v. State*, 109 Ga. 506 (34 SE 1017).

"The essential elements of the offense of involuntary manslaughter in the commission of an unlawful act are, first, the intentional commission of an unlawful act, and, second, the killing of a human being without having so intended, but as the proximate result of such intended act." *Wells v. State*, 44 Ga. App. 760 (1) (162 SE 835).

In an assault with intent to murder case the Supreme Court stated: "Where the accused put a deadly poison into coffee with the intent and purpose that the same should be drunk by another, who without knowing of the presence of the poison actually drank of the coffee, the poison was 'administered' to him by the accused, and in so doing the latter committed an assault." *Johnson v. State*, 92 Ga. 36 (2) (17 SE 974).

In *Brown v. State*, 57 Ga. App. 864, 867 (197 SE 82), this court quoted with approval the language of 4 Am. Jur. 125, Assault & Battery, § 2, as follows: "[A battery is the] 'Unlawful touching or striking of the person of another by the aggressor himself or by any substance put in motion by him, done with the intent of bringing about a harmful or offensive con-

tact or apprehension thereof which is not legally consented to by the other and not otherwise privileged.' " And further stated: "Any act of physical violence (and the law will not draw a line between different degrees of violence), inflicted on the person of another, which is not necessary, is not privileged, and which constitutes a harmful or offensive contact, constitutes an assault and battery."

4. "Administering poison or any other harmful drug or substance to a person, with intent to inflict injury, amounts to assault and battery." 6 CJS 924, Assault & Battery, § 70.

The jury was authorized to find from the evidence and the defendant's statement that she put strychnine, a poison, in a bottle of whisky with the intent and purpose that Dock Crawford would drink the whisky, and that, without knowing of the presence of the poison, he drank part of the whisky, and, in so doing, the defendant committed an assault and battery upon Dock Crawford, and as a result thereof he died. Under all the facts and circumstances in the case it was a question for the jury to determine whether the defendant intended to kill the deceased. See *Myrick v. State*, 199 Ga. 244, 249 (34 SE2d 36).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*