## 46732. VARNUM v. THE STATE.

ARGUED NOVEMBER 2, 1971—DECIDED NOVEMBER 18, 1971.

*Nicholson & Fleming, John Fleming,* for appellant.

JORDAN, Presiding Judge. 1. Varnum stands convicted of the voluntary manslaughter of his wife on evidence which is entirely circumstantial, not only as to the very fact of death at his hands, but as to all circumstances. It is undisputed that she was alive and in a laughing mood at approximately 10:30 p.m. on March 18, that he was with her until about 11 p.m. according to his version, or until about 11:15 p.m. according to others, and that she was dead when he returned, at about 11:45 p.m. at the earliest, or around midnight. The Varnums were apparently living together happily, and there is no evidence of any serious domestic difficulties. Was she dead when he left the trailer? There is evidence that the body was cool or cold to the touch when discovered, that it takes two hours after death for a body to feel cool, but the trailer was unheated, and the outside temperature was only about 50° F.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." *Code* § 38-109. "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." *Code Ann.* § 26-1102. If in a trial for murder the evidence does not involve the law of voluntary manslaughter, but the trial judge instructs on voluntary manslaughter and the jury convicts of voluntary manslaughter, it is not cause for a new trial if the evidence demanded a verdict of murder. If there is evidence, how-

ever, which would authorize an acquittal, the defendant is entitled to a new trial. *Robinson v. State,* 109 Ga. 506 (1) (34 SE 1017). But only for an offense of the degree or lesser than that for which he stands convicted. Price v. Georgia, 398 U. S. 323 (90 SC 1757, 26 LE2d 300).

While many inferences arising from the circumstantial evidence point to the defendant's guilt such evidence falls far short of demanding a verdict of murder, and not only fails to exclude every other reasonable hypothesis save that of the guilt of the accused in respect to the offense for which he stands convicted, but reveals a total void in respect to any circumstances to authorize a determination that the accused, if in fact he did cause the death of his wife, acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation." There is also evidence, including his testimony, to authorize an acquittal.

Under the evidence it was error to instruct on the law of voluntary manslaughter, and a verdict of guilty of this offense was unauthorized.

2. In view of the above we consider it unnecessary to rule on the remaining enumerations.

*Judgment reversed. Quillian and Evans, JJ., concur.*