## 49334. WATSON v. THE STATE.

QUILLIAN, Judge.
The appellant was tried and convicted of voluntary

manslaughter. An appeal was then filed to this court. *Held:*

1. The appellant contends that it was error to allow a deputy sheriff to testify that the appellant told him that he had shot the deceased who was trying to kill him at the time. It is argued that the record does not show that the appellant received the proper Miranda warning prior to making his statement to the officer. The appellant's contention is without merit because he subsequently testified to facts which were in substance the same as that to which the objection was made. Contrary to appellant's contention, Code Ann. § 38-1713 (Ga. L. 1971, p. 460) is not applicable. See *Robinson v. State,* 229 Ga. 14, 16 (189 SE2d 53).

2. The third enumeration of error states that it was error for the trial judge to fail to instruct the jury without request in regard to involuntary manslaughter. The appellant testified that the deceased hit him in the head with an iron bar; that the deceased then advanced on him with the iron bar in one hand and a gun in the other; that he got the gun away from her but she tried to get it back from him and it accidently discharged. The court charged the jury both as to accident and self-defense. "The refusal of the court to charge the jury, as requested, on the subject of involuntary manslaughter in the commission of an unlawful act, based upon the theory of an unintentional discharge of the pistol, furnishes no ground for reversal, where the court charged that the same facts as those upon which the request was based would result in the acquittal of the accused, if the jury believed the death was due to an accident. The charge given was more favorable to the accused than that requested, leaving him no just ground of complaint." *Fair v. State,* 171 Ga. 112 (2) (155 SE 329). Under these circumstances it was not error to fail to charge the jury in regard to involuntary manslaughter. *Hill v. State,* 41 Ga. 484; *Hicks v. State,* 216 Ga. 574 (118 SE2d 364).

3. Under the facts of the case sub judice a charge on voluntary manslaughter was authorized. *Faust v. State,* 208 Ga. 53 (65 SE2d 148).

4. It is argued that it was error for the court to charge the jury in regard to self-defense. The facts stated

in Division 2 of this opinion supported an instruction as to self-defense.

5. The remaining enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 6, 1974 — DECIDED JUNE 21, 1974.

*John L. Tracy, Robert M. Drake,* for appellant.
*William S. Lee, District Attorney,* for appellee.