## 49561. LINDER v. THE STATE.

Evans, Judge.
The defendant was indicted and tried for murder. He was convicted of voluntary manslaughter and sentenced to serve nine years. Defendant appeals. *Held:*

1. A person commits voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. *Faust v. State,* 208 Ga. 53, 55 (65 SE2d 148). But if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, *of which the jury in all cases shall be the judge,* the killing should be attributed to deliberate revenge and be punished as murder. Code Ann. § 26-1102 (Ga. L. 1968, pp. 1249, 1276). Defendant contends that there was no evidence to authorize a charge on voluntary manslaughter as was given by the court, citing *Varnum v. State,* 125 Ga. App. 57 (186 SE2d 485). But, if there be any evidence, however slight, as to whether the offense is murder or manslaughter, instructions as to both should be given the jury. *Banks v. State,* 227 Ga. 578 (182 SE2d 106); *Gresham v. State,* 216 Ga. 106 (2) (115 SE2d 191).

The evidence showed the defendant had put the victim and another out of his beer and barbecue establishment for being drunk and disorderly; whereupon the victim and his friend had proceeded to continue drinking in defendant's mobile home in rear of the establishment. While the amount of provocation in the first episode was not shown, nor the length of cooling time between then and the time of the killing, these questions were all for jury determination, and the jury's province was to decide as to whether the offense be murder or manslaughter. *Varnum v. State,* 125 Ga. App. 57, 62, supra; *Nolen v. State,* 124 Ga. App. 593 (184 SE2d 674). But, if the law of manslaughter be not involved in a case, whereby the trial court should not have charged on manslaughter, nevertheless it is not reversible error to charge thereon. It has been held that only where the evidence warrants an acquittal should there be a new trial. See *Robinson v. State,* 109 Ga. 506 (1) (34 SE 1017); *Varnum v. State,* 125 Ga. App. 57, 62, supra. There was no evidence in this case which would warrant an acquittal.

2. The indictment here is quite different from that found in *Barton v. State,* 79 Ga. App. 380 (1) (53 SE2d 707), wherein this court reversed the trial court. There it was held if the indictment alleged a crime which could have been committed in more than one way, it was subject to demurrer. But here the indictment alleges defendant shot the deceased with "a certain pistol, a deadly weapon," thus only one way being involved. The indictment is not subject to the demurrer here, and the enumeration of error complaining thereof is not meritorious.

3. A charge that the defendant has the right to either testify or to remain silent, as the burden is not on him to establish his innocence, but upon the state to prove guilt, and if he makes no statement or does not testify, this does not infer guilt, and such failure should not be considered for or against him, was violative of Code Ann. § 38-415 (Ga. L. 1962, pp. 133, 134; 1973, pp. 292, 294). No comment should be made of his failure to testify. *McCann v. State,* 108 Ga. App. 316 (132 SE2d 813); *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526); *Wynn v. State,*

230 Ga. 202 (196 SE2d 401). Several earlier cases have held such a charge as is here complained of was not reversible error. See *Carter v. State,* 7 Ga. App. 42 (65 SE 1090); *Stephens v. State,* 21 Ga. App. 151 (2) (94 SE 69); *Tucker v. State,* 29 Ga. App. 221 (114 SE 583). But these cases were decided before Ga. L. 1962, p. 133, which law expressly forbids such comment. The charge given here constitutes reversible error. This complaint is meritorious.

4. No evidence of misfortune or accident was shown; nor was there any evidence offered showing same could have been involuntary manslaughter. Only the state offered evidence of the act which occurred, although there was some evidence from which the jury could infer it was voluntary manslaughter. See *Tate v. State,* 123 Ga. App. 18 (2) (179 SE2d 307).

5. The argument of the district attorney may have been prejudicial to the defendant, but such deductions and inferences were authorized from the evidence submitted. The case of *Montos v. State,* 212 Ga. 764, 767 (95 SE2d 792), is not applicable here. The court did not err in failing to admonish counsel in making such a deduction that if the defendant was not guilty of murder, the weapon could be returned to him and he could go out and do the same thing again with impunity.

6. Because of the holding in Division 3, the judgment in this case is reversed.

*Judgment reversed. Pannell, P. J., and Webb, J., concur.*

Submitted July 9, 1974 — Decided September 20, 1974.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.

