## 49962. BECKMAN v. THE STATE.

BELL, Chief Judge.

The defendant, charged with the murder of his wife, was found guilty of voluntary manslaughter. *Held:*

1. The defendant contends that the trial court erred in charging the jury on the law of voluntary manslaughter and that the verdict was unauthorized as there was a complete lack of evidence of that crime. We agree. There was not a scintilla of evidence to show that the defendant caused the death of his wife acting solely "as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person," the gravamen of the crime of voluntary manslaughter. Code Ann. § 26-1102. The state tacitly admits this by failing in its brief to cite any part of the transcript which would tend to show that defendant killed his wife in the heat of passion. The defendant's evidence showed that several hours prior to the wife's death, he and his wife demonstrated affection for each other. In *Robinson v. State,* 109 Ga. 506 (34 SE 1017) it was held: "If in a trial for murder the law of voluntary manslaughter is not involved, the court should not charge thereon, but so doing will not, in such a case, be cause for a new trial, if the accused be rightly convicted of murder, or if, though he be convicted of voluntary manslaughter only, a verdict of murder was really demanded. If, however, in such a case, the accused be convicted of voluntary manslaughter when there was

evidence which would have warranted an acquittal, or when his statement, if believed, would have so warranted, there should be a new trial." The state showed by circumstantial evidence that defendant had been married for about two months and shortly after marriage was made the beneficiary of his wife's life insurance policy. While this evidence may imply a motive for murder, it certainly falls far short of demanding a verdict of guilty of murder. On the other hand, defendant's out of court statements as well as his testimony at trial, if believed, showed that the death was caused by an accidental discharge of his shotgun. Accident is a complete defense to a crime. Code Ann. § 26-602. Thus, this evidence would have warranted an acquittal. It was error to charge on voluntary manslaughter and a verdict of guilty of this offense was not authorized. *Robinson v. State,* supra; *Varnum v. State,* 125 Ga. App. 57 (186 SE2d 485).

2. The trial court also erred in charging the jury: "Now, when circumstantial evidence [is] relied upon to establish the fact, the evidence must be such as to reasonably establish the theory relied upon; to preponderate to that theory, rather than to any other reasonable hypothesis." While the court went on to correctly charge on the sufficiency of circumstantial evidence in a criminal case, the charge as given was erroneous under our holding in *Wells v. State,* 126 Ga. App. 130 (190 SE2d 106) as it tends to mislead the jury into convicting the defendant on the basis of a mere preponderance of the evidence.

3. All other enumerations are without merit.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1975 — DECIDED MARCH 3, 1975.

*Russell, McWhorter & Adamson, Robert W. Adamson,* for appellant.

*Nat Hancock, District Attorney,* for appellee.