**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bennett MASEL, Defendant-Appellant.**

**No. 77–1022.**

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1977.

Decided Sept. 13, 1977.

Rehearing Denied Dec. 8, 1977.

Mark A. Frankel, Madison, Wis., for defendant-appellant.

David C. Mebane, U. S. Atty., David J. Kline, Atty. U. S. Dept. of Justice, Washington, D.C., Grant C. Johnson, Asst. U. S. Atty., Madison, Wis., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge, and GRANT, Senior District Judge.*

FAIRCHILD, Chief Judge.

The appellant, Bennett Masel, was convicted of assaulting a Member of Congress in violation of 18 U.S.C. § 351(e). He was sentenced to fifteen days imprisonment. Execution of the sentence was stayed by the trial court pending the outcome of this appeal. Masel challenges this conviction on the grounds that the jury instructions permitted conviction for an offense the statute should not be construed to cover, and, alternatively, erroneously omitted requiring proof of an intent to injure.

I

On March 30, 1976 Senator Henry M. Jackson arrived at the Dane County Re-

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

gional Airport in Madison, Wisconsin. The appellant was at the airport for the purpose of demonstrating his disapproval of Senator Jackson's alleged relationship to the armament industry.

At the trial several witnesses testified that they saw the appellant spit into Senator Jackson's face while the Senator was shaking hands with supporters who had come to meet him. Other witnesses testified that the appellant had admitted doing the spitting. A photograph of the Senator caught the spit as it arrived on his cheek. Neither Senator Jackson nor the defendant was called to testify.

There was ample proof for a jury to find that Masel intended to spit in the Senator's face and successfully did so.

## II

18 U.S.C. § 351 is entitled Congressional assassination, kidnapping, and assault; penalties. Its subsections prescribe penalties for offenses directed at Members of Congress, including killing, kidnapping, and attempts and conspiracies for such purposes, as well as assault.

Subsection (e) provides:

Whoever assaults any person designated in subsection (a) of this section shall be fined not more than $5,000, or imprisoned not more than one year, or both; and if personal injury results, shall be fined not more than $10,000, or imprisoned not more than ten years, or both.

Defendant would read the *assault* offense as confined to an attempt to commit a battery or an act putting another in reasonable apprehension of bodily harm. *See U. S. v. Rizzo*, 409 F.2d 400, 402–03 (7th Cir. 1969). Accordingly, he argues, proof of battery (successful culmination of an attempt) is proof of activity not proscribed by the statute.

The district court concluded that assault, in this statute, had a broader meaning. "Because the statute contemplates that personal injury may result from the 'assault,' it is clear that Congress intended to include 'battery' within the term 'assault'."

Accordingly, the district court instructed, in effect, that if the jury found a battery had been committed, defendant should be convicted of the charge of assault.

The challenged instruction was:

An assault is the willful and unlawful touching, however slight, of another person by an aggressor or by a substance put in motion by an aggressor. The touchings which constitute assaults include willful and unlawful offensive touchings. In this case the Government must prove beyond a reasonable doubt that the defendant Masel willfully and unlawfully caused, by spitting, an offensive touching of a member of Congress of the United States.

There are five elements which must be proved beyond a reasonable doubt: First, that Henry Jackson, at the time of the alleged offense, was a member of Congress of the United States; two, that Bennett Masel spit in the face of Henry Jackson; three, that Senator Jackson did not consent to being spat upon by the defendant; four, that the spitting in the face constituted an offensive touching; and five, that Bennett Masel did this act both willfully and unlawfully.

We find the reasoning of the district court persuasive. Moreover, comments in Senate debate suggest that battery as well as an unsuccessful attempt was thought of as constituting assault, *e. g.*, Senator Ervin: "If a man draws back his fist and strikes at a Member of Congress, without striking him or if he slaps a Member with his open hand, he would be guilty of assault under this provision. . . ." 116 Cong.Rec. 35655 (1970). We are cited to numerous examples of language in texts and elsewhere which does not distinguish between a battery and an assault.

We also note that every battery must include or be the culmination of an assault (in the sense of attempt), *United States v. Bell*, 505 F.2d 539, 540 (7th Cir. 1974), citing Hawkins, *Pleas of the Crown*, c. 62, § 1 (6th ed. 1788). That being true, defendant, charged with assault, could not

**324**

complain of an instruction which required proof that he had committed the battery which culminated it.

■ Defendant further challenges the instruction for not requiring proof of an intent to injure. The instruction did, of course, require the government to prove that defendant willfully caused, by spitting, an offensive touching. We think this is an adequate statement. *Harris v. State*, 106 Ga.App. 172, 126 S.E.2d 693, 698 (1962). It is ancient doctrine that intentional spitting upon another person is battery. *Regina v. Cotesworth*, 6 Modern Rep. 172, 87 Eng. Rep. 928 (Q.B.1705); *United States v. Frizzi*, 491 F.2d 1231 (1st Cir. 1974), F. Wharton, *I Criminal Law* § 813 (17th ed. 1932). No more severe injury need be intended.

■ Defendant relies on a definition of battery in a Wisconsin statute and an instruction defining bodily harm in terms of physical pain or injury, illness, or any impairment of physical condition. The state definition does not control the meaning of terms used in the federal statutes.

The judgment is AFFIRMED.