**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Isaac JACOBS, Defendant–Appellant.**

**No. 79–2494.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 12, 1980.

Decided Oct. 20, 1980.

---

**3.** It is worth noting that any recovery by CU would not impinge on the federal treasury.

Theresa Jacobs, Green Bay, Wis., Stuart G. Modschein, Stoughton, Wis., for defendant–appellant.

Joan F. Kessler, U. S. Atty., Elizabeth L. Adelman, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff–appellee.

Before CUMMINGS and PELL, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

The jury found appellant Isaac Jacobs guilty, under Count I of the indictment, of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f).[1] He was acquitted of assault with a dangerous weapon, with intent to commit bodily harm, an offense charged in Count II of the indictment as a violation of 18 U.S.C. § 113(c).[2] Defendant and his victim were both Indians, and the offense took place "within the Indian country."[3]

The evidence disclosed that because of a family quarrel defendant planned to evict the victim Earl Bodoh and his family from their home on the disputed premises. He blocked the driveway with his car while the Bodohs were away. But when they returned, Earl Bodoh drove around the obstacle, and proceeded to enter the house. As he reached for the door with his left hand he could feel an unusual condition, and upon looking at his arm saw that he had been shot. Not until then did he see defendant with his gun about eight or ten feet away. He did not see defendant until after he was shot and was not aware that defendant had aimed the gun at him, although other witnesses testified to that fact. Earl Bodoh, after seeing defendant, hurried into the house fearing further gunfire. Defendant followed him in and struck him and others with the gun. Defendant insisted that the gun was discharged accidentally.

Defendant now constructs an ingenious argument designed to show that because the victim Bodoh did not see his assailant before being shot there can be no violation of § 113(f). That provision must be construed, according to defendant, as requiring the assault to occur before the "serious bodily injury" is inflicted, because it makes punishable only an "assault *resulting* in se-

---

\* The Honorable Edward Dumbauld, United States District Judge from the Western District of Pennsylvania, sitting by designation.

1. "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault, shall be punished as follows: * * * (f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both."

2. "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault, shall be punished as follows: * * * (c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.

3. Accordingly, both 18 U.S.C. § 113(c) and 113(f) were made applicable by 18 U.S.C. § 1153, which provides:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely ... assault with a dangerous weapon, assault resulting in serious bodily injury ... within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

rious bodily injury." This causal relationship requires that the assault take place before the bodily injury is produced as an effect. The Government, on the other hand, contends that the "apprehension" contemplated by the standard definition of simple assault[4] suffices if it occurs *after* the bodily harm is inflicted. (Brief, p. 12).

■ On this point defendant has the better of the argument. While clearly Bodoh's fear of a second shot while standing in the line of fire after seeing defendant with his gun pointed towards Bodoh would constitute an assault, it would be a subsequent assault and would not constitute the assault "resulting in serious bodily injury" for which defendant was convicted, for such injury had already been received before the subsequent simple assault occurred. In response to the Government's contention the words used by the venerable Virginia jurist George Wythe in argument against his illustrious pupil Thomas Jefferson are pertinent: "it would not be less preposterous than that an effect should be prior to its cause, or than that a thing should act before it exists."[5]

■ But this does not exonerate the defendant. Another established rule is that when an actual battery is committed it includes an assault. *U. S. v. Rizzo*, 409 F.2d 400, 403 (7th Cir. 1969); *U. S. v. Bell*, 505 F.2d 539, 540–41 (7th Cir. 1974); *U. S. v. Masel*, 563 F.2d 322, 323 (7th Cir. 1977).[6] In the case at bar the actual battery was clearly proved,[7] and such proof will support a conviction for the included offense of assault. *U. S. v. Masel*, 563 F.2d 322, 323 (7th Cir. 1977).

■ Finally, it should be noted that defendant's attempt to invalidate his conviction under Count I of the indictment by reason of his acquittal under Count II is unprofitable. Even if defendant's refined course of reasoning succeeded in demonstrating logical inconsistency in the implications derivable from the separate determinations reached by the jury, it would avail him nothing. For it is a settled rule that inconsistent or compromise verdicts are permissible and legitimate. *Dunn v. U. S.*, 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932); *U. S. v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978); *U. S. v. Serlin*, 538 F.2d 737, 747 (7th Cir. 1976); *U. S. v. Greene*, 497 F.2d 1068, 1085–86 (7th Cir. 1974); *U. S. v. Hickey*, 360 F.2d 127, 139 (7th Cir. 1966); *U. S. v. Russo*, 335 F.2d 299, 301 (7th Cir. 1964).

But Judge Warren states very persuasively in denying defendant's motion for new trial that the verdict in the case at bar is not inconsistent.

The jury in this case, based upon the evidence presented, could well have found that defendant Isaac Jacobs intended to commit an assault by placing the Bodohs in fear through a display of force, but that Mr. Jacobs did not intend to do the bodily injury that resulted. The evidence clearly supports such a factual finding. Such a factual determination would make Jacobs guilty of violating section 113(f) but not guilty of section 113(c), because the specific intent to do bodily harm was absent.

For the foregoing reasons, the judgment of the District Court is affirmed.

---

4. "Any act of such a nature as to excite an apprehension of a battery may constitute an assault." Prosser, *Handbook of the Law of Torts* (3d ed. 1964) 38; Restatement, Torts 2d, § 21. The instruction given, taken from Devitt and Blackmar, *Federal Jury Practice and Instructions* (3rd ed. 1977) § 42.04 states that "any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an assault." App.Ex. H–1. The testimony of other witnesses shows that defendant's action "would give" the victim reason to fear harm *if he had seen it* or if an objective rather than subjective standard is applicable. Is an assault upon a blind or deaf person legally impossible when the victim is unaware of the impending danger?

5. Dumbauld, *Thomas Jefferson and the Law*, 118 (1978).

6. Prosser disagrees. "It is not accurate to say that 'every battery includes an assault'". *Handbook* (3d ed. 1964) 41.

7. Battery may be inflicted by means of a gun, just as well as by fists, a club, knife, bow and arrow, or any other "substance put in motion" by an aggressor. 563 F.2d at 323.