## 64128. HOLMES v. THE STATE.

QUILLIAN, Chief Judge.

The defendant was indicted for the offense of murder and was found guilty by a jury of voluntary manslaughter. The defendant appeals from the judgment entered on the verdict, and asserts as error the trial judge's charge regarding the principles of law concerning voluntary manslaughter.

The facts of this case may be summarized briefly as follows. On May 31, 1981 the victim, a woman, and the defendant were living together at 1361 Byrere Terrace, Atlanta, Georgia. A police officer, responding to a call, found the victim standing by the street, suffering from severe burns over her body and in great pain. The officer testified that the victim stated to him that the defendant had set her on fire. The officer then went inside the house, found the defendant there applying butter to his hands, and arrested him. During the course of the trial, several witnesses for the State testified that the victim related to them that the defendant set her on fire. Included among those witnesses was a sister of the victim who lived next door and testified that after hearing screams, she saw her sister obviously suffering from the effects of severe burns, and her sister stated immediately to her that the defendant had set her on fire. Approximately two weeks after the incident, the victim died of complications resulting from the burns she suffered.

The defendant, testifying in his own behalf, denied that he in any way had caused injury to the victim and gave an account which tended to show that the victim accidentally set herself on fire through use of a lighter in the presence of rubbing alcohol. There was testimony regarding a shotgun being fired. The defendant testified that it accidentally discharged when he struck it getting up from the bed in order to go to the victim's aid.

In his instructions to the jury, the trial judge gave a lengthy charge on voluntary manslaughter. The defendant objected on the grounds that there was no evidence to warrant or authorize a charge on voluntary manslaughter. It was contended that the evidence showed either guilt for murder, or that the defendant was innocent of any offense. During their deliberations, the members of the jury requested clarifying instructions and the trial judge gave an abbreviated charge on the crimes of murder and voluntary manslaughter. Counsel for the defendant again objected to the charge

on voluntary manslaughter, contending there was no evidence to authorize such a charge. *Held:*

" 'On the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given.' " *Ward v. State,* 151 Ga. App. 36 (1) (258 SE2d 699). Accord, *Linder v. State,* 132 Ga. App. 624 (1) (208 SE2d 630); *Birdsong v. State,* 140 Ga. App. 719 (231 SE2d 813); *Powell v. State,* 154 Ga. App. 674 (2) (270 SE2d 6); *Henderson v. State,* 234 Ga. 827, 832 (2) (218 SE2d 612); *Morgan v. State,* 240 Ga. 845, 847 (242 SE2d 611).

In *Beckman v. State,* 134 Ga. App. 118 (213 SE2d 527), this Court quoted with approval language found in *Robinson v. State,* 109 Ga. 506 (34 SE 1017), wherein it was held: "If in a trial for murder the law of voluntary manslaughter is not involved, the court should not charge thereon, but so doing will not, in such a case, be cause for a new trial, if the accused be rightly convicted of murder, or if, though he be convicted of voluntary manslaughter only, a verdict of murder was really demanded. If, however, in such a case, the accused be convicted of voluntary manslaughter when there was evidence which would have warranted an acquittal, or when his statement, if believed, would have so warranted, there should be a new trial." Accord, *Varnum v. State,* 125 Ga. App. 57, 62 (186 SE2d 485), and *Linder v. State,* 132 Ga. App. 624 (1), supra.

We have carefully examined the transcript with regard to the elements of voluntary manslaughter, and find nothing that would sustain a charge on that subject. There is no evidence that the victim and the defendant quarreled on the night in question, or that there was any incident which could have given rise to a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. In fact, although there was some evidence that the defendant was of a quarrelsome nature, there was no evidence that he and the victim quarreled. The statement of the defendant, in this case, was to the effect that he did nothing to give rise to the burns suffered by the victim.

This case is not controlled by the recent Supreme Court decision in *State v. Clay,* 249 Ga. 250 (290 SE2d 84) wherein the Supreme Court found that where the defendant, indicted for murder, requested a charge on voluntary manslaughter, and was convicted for voluntary manslaughter, she could not successfully contend that the evidence did not support her conviction if the evidence was sufficient to sustain a conviction for the indicted offense of murder. The expressed rationale was that "she affirmatively offered the alternative theory of voluntary manslaughter to the jury."

Since in the case sub judice counsel for the defendant objected to any charge on voluntary manslaughter and the evidence did not demand the finding that the defendant was guilty of murder, this case falls within the circumstances outlined in *Varnum v. State,* 125 Ga. App. 57, supra, and *Beckman v. State,* 134 Ga. App. 118, supra and is controlled by the ruling of such cases. There being no evidence to sustain a charge on voluntary manslaughter, the giving of such instruction was reversible error. *Parham v. State,* 135 Ga. App. 315, 318 (3) (217 SE2d 493).

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 24, 1982.

*Kirby G. Bailey,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Harvey Moskowitz, Assistant District Attorneys,* for appellee.