983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francis L. BARTON, Defendant-Appellant.
 No. 91-3574.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In September 1991, Francis L. Barton pled guilty to one count of possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871, and was sentenced to forty-one months in prison followed by three years on supervised release. Barton appeals the district court's calculation of his sentence under the Sentencing Guidelines. We affirm.
 
 
 2
 Section 2K2.1 of the Guidelines establishes a base offense level of 18 for defendants convicted under 18 U.S.C. § 5861. U.S.S.G. § 2K2.1(a)(1). Section 2K2.1 provides, however, that "if the defendant used or possessed [a] firearm in connection with the commission or attempted commission of another offense, apply § 2X1.1 ... in respect to that other offense, if the resulting offense level is greater than that determined above." U.S.S.G. 2K2.1(c)(2). Section 2X1.1 provides, in turn, that the base offense level under this section is "the base offense level from the guideline for the substantive offense...." U.S.S.G. 2X1.1(a).
 
 
 3
 The district court found that Barton used the shotgun in connection with the commission of an aggravated battery on his ex-wife. Ill.Ann.Stat. ch. 38, pp 12-3(a) & 4(b)(1) (1979 & Cum.Supp.1992) ("A person commits battery if he intentionally or knowingly without legal justification and by any means ... causes bodily harm to an individual or ... makes physical contact of an insulting or provoking nature with an individual") ("A person who, in committing a battery, commits aggravated battery if he ... uses a deadly weapon other than by the discharge of a firearm."). See United States v. Mason, 974 F.2d 897, 899 (7th Cir.1992) (upholding enhancement of sentence under 18 U.S.C. § 922(g) based upon uncharged state offense of sexual assault); see also United States v. Smith, 910 F.2d 326, 329-31 (6th Cir.1990); United States v. Willis, 925 F.2d 359, 361-62 (10th Cir.1991); United States v. Humphries, 961 F.2d 961 F.2d 1421, 1422 (9th Cir.1992). Since no specific guideline covered aggravated battery, the district court applied the "most analogous" guideline, § 2A2.2, entitled Aggravated Assault, U.S.S.G. § 2X5.1; see United States v. Anderson, 425 F.2d 330, 333 (7th Cir.1970) (interpreting term "assault" under 18 U.S.C. § 113 to include Illinois state offense of "battery"); United States v. Chaussee, 536 F.2d 637, 644 (7th Cir.1976) (same); see also United States v. Jacobs, 632 F.2d 695, 697 (7th Cir.1980) (proof of battery supports conviction for included offense of assault), which establishes a base offense level of 15, U.S.S.G. § 2A2.2(a). The district court added five levels to this base offense level pursuant to § 2A2.2(b)(2)(A) because the shotgun was discharged, and added another two levels pursuant to § 2A2.2(b)(3)(A) because Mrs. Barton suffered bodily injury. U.S.S.G. §§ 2A2.2(b)(2)(A), (b)(3)(A). Subtracting two levels for Barton's acceptance of responsibility resulted in a total offense level of 20. U.S.S.G. § 3E1.1(a).
 
 
 4
 Barton argues that the district court made two errors in finding that his conduct constituted "aggravated assault" under § 2A2.2. He says that the government did not adequately prove that he intended to hurt his ex-wife, or that he fired his gun on purpose. Our standard of review is that the sentencing court's findings of fact are upheld unless they are clearly erroneous. United States v. Madewell, 917 F.2d 301, 307 (7th Cir.1990); United States v. Shinners, 892 F.2d 742, 743 (8th Cir.1989); United States v. Padilla, 961 F.2d 322, 326 (2d Cir.), cert. denied, 61 U.S.L.W. 3259 (U.S. Oct. 6, 1992) (No. 91-8528).
 
 
 5
 "Aggravated assault means a felonious assault that involved (a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony." U.S.S.G. § 2A2.2, comment. (n. 1). The record contains evidence that Barton broke into his ex-wife's house while she was asleep; he placed a loaded shotgun in her face; she awoke and deflected the gun which discharged; and he beat her with the gun before being arrested by the police. Based on this evidence, the district court did not clearly err in finding that Barton intended to inflict harm upon his ex-wife.
 
 
 6
 As to whether Barton fired his gun on purpose, § 2A2.2 makes no distinction between accidental and purposeful discharges. In this case the gun discharged, blowing a 2-3" hole in the wall by Mrs. Barton's head. This evidence was sufficient to support an upward adjustment of five levels for discharging a firearm. U.S.S.G. § 2A2.2(b)(2)(A).
 
 
 7
 Finally, Barton makes no argument that the district court misread the cross-referencing provision, § 2K2.1(c)(2), in applying § 2A2.2, and therefore we need not consider such an argument here. United States v. Smith, 953 F.2d 1060, 1067 (7th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record