UNITED STATES of America, Appellee,

v.

Michael N. KLEINBART, Appellant.

Nos. 89–3120, 92–3142.

United States Court of Appeals, District of Columbia Circuit.

Argued March 8, 1994.

Decided June 28, 1994.

---

Santha Sonenberg, Asst. Federal Public Defender, Washington, DC, argued the cause for the appellant. On brief was A.J. Kramer, Federal Public Defender, Washington, DC.

Miriam M. Smolen, Asst. U.S. Atty., Washington, DC, argued the cause for the appellee. On brief were Eric H. Holder, Jr., U.S. Atty., and John R. Fisher and Thomas E. Zeno, Asst. U.S. Attys., Washington, DC.

Before EDWARDS, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

In 1975, a federal jury convicted Michael Kleinbart of numerous crimes arising from his armed robbery of a pharmacy and subsequent flight from the scene of the crime. On February 6, 1989, Kleinbart filed a petition in district court seeking to vacate one of his convictions based on allegedly improper jury instructions. Kleinbart had neither challenged the instructions when given nor raised them on direct appeal. The district court denied Kleinbart's petition because he had not established cause for his procedural default. Kleinbart filed a second petition to vacate the same conviction on April 10, 1991. The court denied Kleinbart's petition, concluding that the petition constituted an abuse of the writ of habeas corpus. Kleinbart appeals both of the district court's orders. We affirm.

## I.

On May 21, 1975, Michael Kleinbart and James Thomas robbed Lawson & Sons' Pharmacy in Hyattsville, Maryland. The two men, armed with pistols, obtained a large quantity of prescription drugs. Kleinbart and Thomas fled the scene in a tan Chrysler automobile.

Shortly thereafter, Officer Ronald Blankenship of the United States Park Police Motorcycle Unit observed a brown and white Chrysler parked on the road near the Jefferson Memorial in the District of Columbia. Blankenship noticed that the left front tire of the Chrysler was completely flat and that Kleinbart and Thomas were kneeling beside the car placing unidentified objects into a large bag. Blankenship approached them and offered to assist with the flat tire. Kleinbart and Thomas told Blankenship that their spare tire was flat as well and asked him to locate the nearest crane. When Blankenship broadcast the request over his motorcycle radio, he also asked the dispatcher for a warrant check on the Chrysler's license plate.

While waiting for a response to his radio requests, Blankenship asked Kleinbart and Thomas what they had put in the large bag. The two men, who had been casually leaning against the back of the car, immediately stood up straight. Blankenship stepped back, unsnapped his holster and placed his right hand on his revolver. The tension escalated when the dispatcher's broadcast blared from Blankenship's radio, reporting that there were five outstanding warrants on the Chrysler.

Around this time, United States Park Police Officer Jane Marshall arrived on the scene and stationed herself a short distance from Blankenship. Blankenship asked for the vehicle registration and Kleinbart volunteered to get it from the car. Blankenship followed Kleinbart to the passenger side of the car and rested his right hand on the top of the open front door as Kleinbart reached inside the car. Suddenly, Kleinbart drew a .45 caliber automatic pistol and pointed its barrel just below Blankenship's chin. Blankenship slapped at the weapon with his right hand, pushing the barrel down to his left side. In the struggle, the pistol discharged and Blankenship was shot between his lower chest and hip. Kleinbart then spun around and fired a series of shots at Officer Marshall. The first shot entered Marshall's right

forearm and then her chest cavity. The second shot shattered Marshall's left hand.

Kleinbart's partner Thomas sped away in the Chrysler, leaving Kleinbart alone with Blankenship and Marshall. Kleinbart escaped by stopping a taxi, forcing its occupants out and driving into Virginia. The Chrysler that Thomas used to flee was found in Virginia a short time later. Subsequent police investigation linked drugs and other evidence recovered from the car to the robbery of Lawson's Pharmacy.

Kleinbart was charged with: conspiracy to violate the Controlled Substances Act (Count One) in violation of 21 U.S.C. § 846; forcible armed assault on a federal officer in violation of 18 U.S.C. § 111 (Counts Two and Five); assault with intent to kill while armed in violation of D.C.Code §§ 22–501, 22–3202 (Counts Three and Six); assault with a dangerous weapon in violation of D.C.Code § 22–502 (Counts Four, Seven and Fourteen); possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a) (Counts Nine, Ten and Eleven); carrying a pistol without a license in violation of D.C.Code § 22–3204 (Count Eight); armed robbery in violation of D.C.Code §§ 22–2901, 22–3202 (Counts Twelve and Thirteen); interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312 (Count Fifteen); and unauthorized use of a motor vehicle in violation of D.C.Code § 22–2204 (Count Sixteen). The jury acquitted Kleinbart by reason of insanity of Counts Five (forcible armed assault on Officer Marshall), Six (assault on Officer Marshall with intent to kill while armed) and Twelve (armed robbery). The jury convicted Kleinbart on the remaining thirteen counts.[1] The only conviction relevant to this appeal is that of forcible armed assault on a federal officer in violation of 18 U.S.C. § 111. On direct appeal, this court affirmed all of Kleinbart's convictions. *See United States v. Kleinbart*, 561 F.2d 1022 (D.C.Cir.1977).

On February 6, 1989, Kleinbart petitioned to vacate his conviction pursuant to 28 U.S.C. § 2255 (first 2255 petition).[2] *See* Joint Appendix (J.A.) at 203–08. Kleinbart attacked his conviction on the ground the trial judge failed to instruct the jury that specific intent is an essential element of forcible armed assault on a federal officer under 18 U.S.C. § 111,[3] *id.* at 206, and that the judge's failure to so instruct the jury rendered his conviction void. *Id.* On May 24, 1989, Kleinbart supplemented his section 2255 petition by leave of court to include an allegation that the trial judge erred by failing to instruct the jury that it had to find that Kleinbart was armed in order to convict him of forcible armed assault on a federal officer. J.A. at 231.

The district court denied Kleinbart's first 2255 petition, deciding that Kleinbart had failed to show that the allegedly faulty instructions caused him actual prejudice as required by *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Kleinbart appealed. On appeal, we remanded the record to the district court for a "determination of whether appellant Kleinbart is asserting any basis, other than simple attorney omission, to establish cause." *United States v. Kleinbart*, No. 89–3120 (D.C.Cir. Oct. 10, 1989). Kleinbart then moved to recall the mandate and reinstate his direct appeal, alleging ineffective assistance of counsel based on his appellate counsel's failure to challenge the jury instructions on

---

1. At sentencing, the trial court vacated Kleinbart's conviction of unauthorized use of a motor vehicle. Kleinbart served the sentence imposed and is currently on parole.

2. 28 U.S.C. § 2255 provides in relevant part:

    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3. 18 U.S.C. § 111 provides in relevant part:

    Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal officer] while engaged in or on account of the performance of official duties ... [and] in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

appeal. Kleinbart also moved in district court to hold remand proceedings in abeyance until his petition to recall and reinstate was resolved. The district court granted Kleinbart's motion. Meanwhile, we denied Kleinbart's motion to recall the mandate and reinstate his direct appeal, concluding that the district court was the proper forum to allege ineffective assistance of appellate counsel. *United States v. Kleinbart*, No. 76–1230 (March 30, 1990).

On April 10, 1991, Kleinbart filed a second section 2255 petition in district court, alleging ineffective assistance of appellate counsel (second 2255 petition). On August 2, 1991, Kleinbart filed a "Submission on Remand of Record" as to his first 2255 petition, alleging for the first time ineffective assistance of trial counsel. The trial court consolidated Kleinbart's petitions for consideration and disposition. The court denied Kleinbart's first petition, holding that he had failed to show cause and prejudice for his procedural default. The court also denied Kleinbart's second 2255 petition, concluding that he had abused the writ of habeas corpus by failing to raise his ineffective assistance of appellate counsel claim in his first 2255 petition. On appeal Kleinbart argues that: (1) the doctrine of procedural default does not apply because the trial judge's failure to charge the jury on an essential element of the crime rendered his conviction void; (2) if the doctrine of procedural default does apply, his first 2255 petition established cause and prejudice sufficient to excuse his procedural default; and (3) the district court erred in denying his second 2255 petition as an abuse of the writ.

## II.

■ To obtain collateral relief based on improper jury instructions neither objected to at trial nor challenged on direct appeal, a habeas petitioner must establish both cause for the procedural default and actual prejudice resulting from the improper instructions. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Because Kleinbart challenged the jury instructions for the first time in his first 2255 petition, Kleinbart must show cause for his de-

fault and resulting prejudice in order to prevail. But Kleinbart argues that the procedural default doctrine does not apply.

■ Kleinbart bases his argument on *Sullivan v. Louisiana*, —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). There, the appellant challenged on direct appeal the reasonable doubt jury instruction given at his trial. The Government conceded that the jury instruction was improper but argued that it constituted harmless error. *Id.* at ——, 113 S.Ct. at 2080. The Supreme Court disagreed, declaring the harmless error analysis inapplicable if the jury has been incorrectly instructed on the burden of proof. As the Court explained, "There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is meaningless." *Id.* at ——, 113 S.Ct. at 2082. Accordingly, the Court reversed the appellant's conviction. Kleinbart argues that because his jury was incorrectly instructed on the elements of forcible armed assault on a federal officer, his conviction is void under *Sullivan*. Furthermore, according to Kleinbart, the rule set forth in *Frady* for a collateral challenge to a conviction is inapplicable because there is no valid conviction.

Kleinbart misapprehends *Sullivan*'s holding. The Supreme Court limited its holding in *Sullivan* to jury instructions that erroneously quantify the burden of proof. *See id.* Kleinbart does not claim that the trial judge improperly instructed the jury on the burden of proof and therefore *Sullivan* does not render Kleinbart's conviction void.

Moreover, in *Sullivan*, the Court dealt with the standard of review applicable to a *direct appeal*, not to a *collateral challenge*. As the Court explained in *Frady*, different standards of review are applicable to direct and collateral challenges. In *Frady*, the section 2255 petitioner sought to vacate his sentence on the ground that the jury instruction was defective. The petitioner argued that the Court should review his claim under the plain error standard of review because he did not object to the jury instruction at trial. The Court rejected his argument, explaining:

Because it was intended for use on direct appeal, however, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal.

... By adopting the same standard of review for § 2255 motions as would be applied on direct appeal, the Court of Appeals accorded no significance whatsoever to the existence of a final judgment perfected by appeal. Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume that he stands fairly and finally convicted....

*Frady*, 456 U.S. at 164, 102 S.Ct. at 1592. Accordingly, *Frady*—not *Sullivan*—governs Kleinbart's collateral attack on his conviction.

### III.

Kleinbart's first 2255 petition argues that the jury instructions were erroneous in two respects: (1) the trial judge did not instruct the jury that it must find beyond a reasonable doubt that Kleinbart was armed when he assaulted Officer Blankenship in order to convict him of forcible armed assault on a federal officer in violation of 18 U.S.C. § 111; and (2) the trial judge erroneously instructed the jury that forcible armed assault on a federal officer was a general rather than a specific intent crime. To obtain collateral relief, Kleinbart must show both cause for his procedural default and actual prejudice from the instructions he contests. *Frady*, 456 U.S. at 167–68, 102 S.Ct. at 1594–95.

■ We first address Kleinbart's argument that the trial judge erred in failing to instruct the jury on the armed element of forcible armed assault on a federal officer. The district court correctly denied Kleinbart's petition for collateral relief because he was not prejudiced by the instruction given. To show actual prejudice resulting from the challenged jury instruction, Kleinbart must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 U.S. at 169, 102 S.Ct. at 1595. In determin-

ing whether Kleinbart has carried his burden of showing actual prejudice, "a single instruction to a jury may not be judged in artificial isolation but must be viewed in the context of the overall charge." *Id.* (*quoting Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)).

Because the record manifests that the jury was sufficiently informed that it must find that Kleinbart was armed before it could convict him of forcible armed assault on a federal officer, Kleinbart has not established actual prejudice. The trial judge read the indictment to the jury before listing the essential elements of the offense. The indictment included the words "while armed with a dangerous weapon, that is, a pistol." Transcript (Tr.) 1350. The judge also told that jury that "[b]oth defendants have been indicted and charged with ... assault on a Federal officer while armed" and that "these counts as you know, charge ... the offense of armed assault on a federal officer." Tr. 1341–42, 1393. Finally, the judge instructed the jury that it should "read the indictment count and then read the count that is referred to in the verdict sheet." Tr. 1380–81. Viewed in the context of the overall charge, the instructions sufficiently informed the jury of the "while armed" element of 18 U.S.C. § 111.

Moreover, the evidence presented at trial provided the jury with ample ground to conclude that Kleinbart was armed when he assaulted the officers. *See* J.A. at 325 ("the evidence presented against Mr. Kleinbart overwhelmingly supported a finding that he not only possessed but also fired a pistol"). Indeed, the evidence against Kleinbart was so strong that Kleinbart's lawyer conceded in his closing argument that Kleinbart possessed a weapon and shot the officers. Tr. 1285, 1290–92. Because the trial judge repeatedly mentioned the armed element of the offense to the jury and Kleinbart himself conceded that he was armed when he assaulted the officers, Kleinbart has not shown actual prejudice resulting from the jury instruction he contests.

■ Kleinbart next challenges the trial judge's instruction to the jury that forcible

armed assault of a federal officer is a general intent crime.[4] The trial judge instructed the jury that:

> The offense of assault on a Federal officer is one which requires what the law calls general intent. To show general intent, the Government must prove beyond a reasonable doubt that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime. An act is done knowingly if done voluntarily and purposely, and not because of mistake, inadvertence or accident. This general intent may be inferred from the doing of the act.

Tr. 1351–53. In ruling on Kleinbart's first 2255 petition, the trial judge first stated that her instruction was erroneous because the crime of forcible armed assault on a federal officer is a specific intent crime. J.A. at 513. The court went on to hold, however, that Kleinbart could not challenge the instruction by way of his section 2255 petition because he had not established cause and prejudice for his procedural default.

■ We agree that Kleinbart cannot collaterally attack the jury instruction. As a preliminary matter, we do not believe the trial judge erred when she instructed the jury that forcible armed assault on a federal officer is a general intent crime. The Supreme Court's decision in *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), leads us to conclude that forcible armed assault on a federal officer under 18 U.S.C. § 111 is a general intent crime. In *Feola*, the Court stated: "We hold, therefore, that in order to incur criminal liability under § 111 an actor must entertain *merely* the criminal intent to do the acts therein specified." *Id.* at 686, 95 S.Ct. at 1264–65 (emphasis added). We find this language conclusive. *See United States v. Jim*, 865 F.2d 211 (9th Cir.), *cert. denied*, 493 U.S. 827, 110 S.Ct. 93, 107 L.Ed.2d 58 (1989); *United States v. Hill*, 526 F.2d 1019 (10th Cir.1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976).

■ Moreover, even if forcible armed assault on a federal officer is a specific intent crime, Kleinbart has failed to show actual prejudice resulting from the jury instruction. As the district court explained, even if armed forcible assault on a federal officer is a specific intent crime,

> [i]t is highly unlikely that an explicit specific intent instruction would have produced a different result.... Trial evidence showed that Mr. Kleinbart turned abruptly on his victim, Officer Blankenship, and drew a gun. That conduct alone is highly suggestive (to say the least) of bad purpose. Mr. Kleinbart then pointed the gun at the officer's neck. This action, too, would seem to lack benign purpose.... From any of these acts, the jury could construe ample support for the conviction they returned.

J.A. at 320–22. We agree with the district court—given the strong evidence of Kleinbart's "bad purpose," the intent instruction, even if erroneous, did not prejudice him. Accordingly, we affirm the district court's denial of Kleinbart's first 2255 petition.

## IV.

■ Kleinbart's second 2255 petition includes two arguments not advanced in his first: ineffective assistance of *appellate* counsel and the district court's allegedly improper approval of evidence. The district court denied Kleinbart's petition on the ground that it constituted an abuse of the writ of habeas corpus. J.A. at 506. Kleinbart asks us to reverse the district court because the Government did not specifically plead abuse of the writ as it is required to do under *McClesky v. Zant*, 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Under *McClesky*, the Government carries its burden of pleading with specificity if "with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." *Id.* at 494, 111 S.Ct. at 1470. Although we believe that the Govern-

---

**4.** A general intent crime requires the knowing commission of an act that the law makes a crime. A specific intent crime requires additional "bad purpose." *United States v. Haldeman*, 559 F.2d 31, 114 n. 226 (D.C.Cir.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977).

ment did not plead abuse of the writ with sufficient clarity to preserve the defense, we affirm the district court's denial of Kleinbart's petition on an alternative ground.[5] Kleinbart failed to establish cause and prejudice for his procedural default. As cause for his procedural default, Kleinbart asserts ineffective assistance of appellate counsel. Kleinbart's burden is a difficult one: "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). To establish ineffective assistance of appellate counsel, Kleinbart must show that the quality of representation his counsel provided was deficient and that his counsel's deficiencies prejudiced him. *Id.* at 687, 104 S.Ct. at 2064. Kleinbart has carried neither of these burdens.

■ Kleinbart bases his ineffective assistance of counsel claim on his appellate counsel's failure to challenge the jury instructions on direct appeal. We reject this argument because the performance of Kleinbart's appellate counsel was not deficient. Given the uncontradicted evidence that Kleinbart was armed when he assaulted the officers, there is no reason that his appellate counsel should have challenged the trial judge's failure to expressly instruct the jury on the "while armed" element. Furthermore, the failure to appeal the jury instruction did not prejudice Kleinbart. Because Kleinbart's trial counsel did not challenge the instruction when given, an appeal of the instruction would have succeeded only if the court concluded that the instruction was plain error. *See* Fed.R.Crim.P. 52(b). In light of the strong evidence that Kleinbart was armed when he attacked the officers, it is highly improbable that the court would have found plain error. *See United States v. Olano*, — U.S. —, —, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (court should find plain error only if error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings"). Therefore, the failure of Kleinbart's counsel to appeal the judge's omitted instruction did not constitute ineffective assistance of counsel.

■ Nor did the failure of Kleinbart's appellate counsel to appeal the general intent instruction constitute ineffective assistance of counsel. Given the unclear state of the law on the required level of intent, Kleinbart's appellate counsel could reasonably have concluded that the judge's general intent instruction was proper. Because Kleinbart has not shown that his appellate counsel's failure to appeal the intent instruction was deficient, he has not established ineffective assistance of counsel. We affirm the district court's denial of Kleinbart's second 2255 petition because he has not shown cause for his procedural default.

For the reasons discussed above, the district court's denial of both of Kleinbart's 2255 petitions is

*Affirmed.*

---

5. The Government argues that although it may not have pleaded abuse of the writ with the specificity required by *McClesky*, Kleinbart was nonetheless on notice that the Government intended to pursue the defense. The Government asserts that the purpose of the specificity requirement is notification to the defendant and Kleinbart had actual notice; we should therefore excuse any deficiencies in its pleadings. As evidence that Kleinbart was aware the Government intended to assert an abuse of the writ defense, the Government relies on a motion Kleinbart filed in the district court, in which he stated that "[s]ince the Government does not allege the defendant's failure to raise the present claim of ineffective assistance of appellate counsel in the first 2255 action constitutes an abuse of 2255, there is no requirement that the defendant make any showing." J.A. at 469 (*citing McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)). The Government's argument that Kleinbart's statement manifests notice overlooks the substance of the statement: Kleinbart recognized the Government's allusion to the abuse of the writ defense but, relying on *McClesky*, decided that he did not need to respond to the defense because the Government had not met its pleading burden. Kleinbart's reliance on *McClesky* was reasonable; *McClesky* does not suggest that the Government's burden is lifted when the petitioner has notice that the Government intends to pursue an abuse of the writ defense. Rather, the Government's burden is unqualified. Accordingly, the district court erred in holding that Kleinbart's second 2255 petition constituted an abuse of the writ of habeas corpus.