### UNITED STATES of America

v.

### Francisco Martin DURAN, Defendant.

### Crim. No. 94–447 (CRR).

United States District Court, District of Columbia.

March 20, 1995.

Leigh A. Kenny, Federal Public Defender for D.C., Washington, DC, for defendant.

Eric A. Dubelier, Brenda Jene Johnson, U.S. Attorney's Office, Washington, DC, for U.S.

### ORDER

CHARLES R. RICHEY, District Judge.

The Court is in receipt of the Government's and the Defendant's proposed jury Instructions in the above-captioned case. Upon review of the same, the Court has determined that there are a number of conflicts in the proposed instructions that must be addressed. Namely, the Court must determine whether the crime of assault on a federal officer is a specific intent or a general intent crime; whether a necessary element of the crime of attempt requires a finding that the accused took a "substantial step" toward the commission of the crime or, instead, a finding that the accused came "dangerously close;" and whether the defense of impossibility is available to the accused.

Upon careful review of the applicable law, the Court finds that: (1) the charged crime of assault on a federal officer is a general intent crime; (2) a necessary element of the charged crime of attempting to kill the President, requires a finding that the accused took a "substantial step" toward the commission of the crime; and (3) the defense of impossibility is not available to the accused with respect to the charged crime of attempting to kill the President.

As a preliminary matter, the Court observes that many of these issues were raised with the parties at a preliminary conference. During those conferences, Counsel for the Defense indicated that the issues are complicated and that they needed to brief the issues. To date, however, Counsel has not filed any pleadings. Accordingly, since the Court must issue preliminary instructions, and the resolution of these issues may impact the parties' opening statements, the Court shall dispositively address the issues.

### DISCUSSION

**I. BECAUSE THE LAW OF THIS CIRCUIT IS THAT THE CRIME OF ASSAULT ON A FEDERAL OFFICER IS A GENERAL INTENT CRIME, THE COURT SHALL INSTRUCT THE JURY ACCORDINGLY.**

The Defendant in this case has been charged, *inter alia*, with four counts of assault on a federal officer with a deadly weapon pursuant to 18 U.S.C. § 111(b). The Defendant has indicated, orally, that such a crime is a specific intent crime rather than a general intent crime. The Court disagrees.

This Circuit in 1994, discussed the issue in *United States v. Kleinbart*, 27 F.3d 586 (D.C.Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994). In that case, the Defendant challenged, in part,

the lower court's instruction to the jury that assault on a federal officer is a general intent crime. *Id.* at 592. Defendant Kleinbart had argued that "the crime of forcible armed assault on a federal officer is a specific intent crime." *Id.* (citation omitted). In addressing the issue, the Court concluded that assault on a federal officer under 18 U.S.C. § 111 is a general intent crime. *Id.* Specifically, the Court stated that:

> [W]e do not believe the trial judge erred when she instructed the jury that forcible armed assault on a federal officer is a general intent crime. The Supreme Court's decision in *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), leads us to conclude that forcible armed assault on a federal officer under 18 U.S.C. § 111 is a general intent crime. In *Feola,* the Court stated: "We hold, therefore, that in order to incur criminal liability under § 111 an actor must entertain *merely* the criminal intent to do the acts therein specified." *Id.* at 686, 95 S.Ct. at 1264–65 (emphasis added). *We find this language conclusive. See United States v. Jim,* 865 F.2d 211 (9th Cir.), *cert. denied,* 493 U.S. 827, 110 S.Ct. 93, 107 L.Ed.2d 58 (1989); *United States v. Hill,* 526 F.2d 1019 (10th Cir.1975), *cert. denied,* 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976).

*Id.* (emphasis added). In view of *Kleinbart,* this Court concludes that assault on a federal officer is a general intent crime. The jury shall be instructed accordingly.

## II. *TO BE GUILTY OF ATTEMPTING TO ASSASSINATE THE PRESIDENT UNDER 18 U.S.C. § 1751(c), THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, IN PART, THAT THE DEFENDANT'S ACTIONS CONSTITUTE A "SUBSTANTIAL STEP" TOWARD THE COMMISSION OF THE CRIME.*

■ The Defendant's proposed jury instructions regarding the crime of attempting to kill the President, state, in part, that the Defendant's actions must have come "dangerously close" to completing the crime. (Def.'s Proposed Jury Instructions). In contrast, the Government's proposed jury instructions state that the accused must take a "substantial step" toward the commission of the crime. (Govt.'s Proposed Jury Instructions). Upon review of the applicable law, the Court agrees with the Government.

■ It appears that the Defendant's proposed instruction is derived from the pattern jury instructions contained in the *Redbook* under the section defining "attempt." (*See* Def.'s Proposed Jury Instructions n. 15). However, that section, which utilizes a "dangerously close" standard, appears to come from Superior Court cases for the District of Columbia, while the Defendant herein, has been charged with a federal offense. As a threshold matter, the Court observes that state definitions do not control the meaning of terms used in federal statutes. *See United States v. Masel,* 563 F.2d 322, 324 (7th Cir.1977) (concluding that state definition of "assault" did not control the meaning of that term as used in 18 U.S.C. § 351, the analogue of 18 U.S.C. § 1751 for Members of Congress, the Cabinet, Presidential and Vice–Presidential candidates, and Justices of the United States)*, cert. denied,* 435 U.S. 927, 98 S.Ct. 1496, 55 L.Ed.2d 523 (1978).

In fact, the federal courts that have squarely addressed the issue have uniformly applied the so-called "substantial step" test in discerning the elements of an attempt to commit a crime under the United States Code. *See, e.g., U.S. v. Davis,* 8 F.3d 923, 927 (2d Cir.1993); *U.S. v. Figueroa,* 976 F.2d 1446, 1459 (1st Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1346, 122 L.Ed.2d 728 (1993); *U.S. v. Smith,* 962 F.2d 923, 930 (9th Cir.1992); *U.S. v. Salazar,* 958 F.2d 1285, 1293 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 185, 121 L.Ed.2d 129 (1992); *U.S. v. Burks,* 934 F.2d 148, 152 (8th Cir.1991); *U.S. v. Sullivan,* 919 F.2d 1403, 1429 (10th Cir.1990), *cert. denied,* —— U.S. ——, 113 S.Ct. 285, 121 L.Ed.2d 211 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1013, 122 L.Ed.2d 161 (1993).

Thus, to establish a violation of 18 U.S.C. § 1751(c) in this case, the Government must prove, in part, that the Defendant's actions constitute a "substantial step" toward the commission of the crime. *See Burks,* 934

F.2d at 152. The jury shall be instructed accordingly.

## III. BECAUSE FACTUAL IMPOSSIBILITY IS NOT A DEFENSE TO AN ATTEMPT CRIME THE DEFENDANT MAY NOT REFER TO IT IN HIS OPENING STATEMENT OR THROUGHOUT THE TRIAL.

■ At a prior status conference held in this case, a dispute arose as to whether impossibility is a defense if the evidence shows that the individual that the Defendant allegedly fired upon was not, in fact, the President of the United States. In other words, the Defendant indicated that the Government might seek to prove that the Defendant fired upon an individual who appeared to be, but was not in fact, the President of the United States. Under the standard urged by the Defendant, he could, in all likelihood, not be convicted of attempting to assassinate the President. Upon review of the applicable law, the Court finds that because factual impossibility is not a defense to an attempt crime, the Defendant is barred from asserting it as a defense.

■ Factual impossibility exists "where the objective is proscribed by the criminal law but a factual circumstance unknown to the actor prevents him from bringing it about." *U.S. v. Conway*, 507 F.2d 1047, 1050 (5th Cir.1975). However, factual impossibility is not a defense to a charge of attempt. *U.S. v. Hamrick*, 43 F.3d 877, 885 (4th Cir. 1995); *U.S. v. Contreras*, 950 F.2d 232, 237 (5th Cir.1991), *cert. denied*, 504 U.S. 941, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992); *U.S. v. Peete*, 919 F.2d 1168, 1175–76 (6th Cir.1990); *U.S. v. Medina–Garcia*, 918 F.2d 4, 8 (1st Cir.1990); *U.S. v. Luttrell*, 889 F.2d 806, 810 (9th Cir.1989), *vacated in part on other grounds*, 923 F.2d 764 (9th Cir.1991), *cert. denied*, 503 U.S. 959, 112 S.Ct. 1558, 118 L.Ed.2d 207 (1992); *see also U.S. v. Vasarajs*, 908 F.2d 443 (9th Cir.1990) (Generally, a criminal defendant's mistake of fact can only be a valid defense if it negates the existence of a requisite mens rea component of the crime charged and if the crime allows for the interposition of such a defense).

Indeed, the creation of an offense of "attempt" to commit a substantive crime is based upon the rationale that while the attempter may have failed in his or her purpose, his or her conduct is nevertheless criminally culpable; the intent to commit the crime characterizes the criminality of the act. As the United States Court of Appeals for the Fourth Circuit recently observed,

> There is no reason to exonerate a person who has demonstrated a willingness to commit a criminal act, but was unable to complete the dastardly deed because of an unknown outside circumstance.

*U.S. v. Hamrick*, 995 F.2d 1267, 1272 (4th Cir.1993), *aff'd.*, 43 F.3d 877, 885 (4th Cir. 1995). In view of the foregoing, the Defendant will not be able to assert the defense of factual impossibility, and therefore, may not refer to it in opening statements or throughout the trial.

Based on the foregoing, it is, by the Court, this 19 day of March, 1995,

ORDERED that Counsel for the parties are hereby advised that the Court shall instruct the jury that the crime of assault on a federal officer with a deadly weapon is a general intent crime; and it is

FURTHER ORDERED that Counsel for the parties are hereby advised that the Court shall instruct the jury that the crime of attempting to kill the President requires, in part, the Government must prove beyond a reasonable doubt that the Defendant took a "substantial step" toward the commission of the crime; and it is

FURTHER ORDERED that Counsel for the parties shall are hereby advised that the defense of impossibility is not available to the Defendant with respect to the charged crime of attempting to kill the President. Accordingly, the Defendant may not refer to any such a defense in opening argument or throughout the trial.