UNITED STATES of America

v.

Wilson MITCHELL, Petitioner.

Criminal Action No. 89–442.
Civil Action No. 96–0630.

United States District Court,
District of Columbia.

July 17, 1996.

John M. Facciola, Assistant United States Attorney, Washington, D.C., for U.S.

Santha Sonenberg, Assistant Federal Public Defender, Washington, D.C., for Petitioner.

## MEMORANDUM

JUNE L. GREEN, District Judge.

### I. Introduction

This matter is before the Court upon Petitioner Wilson Mitchell's Motion for Relief from Conviction Pursuant to 28 U.S.C. § 2255. Mitchell claims that his conviction under 18 U.S.C. § 924(c) violated the laws of the United States in that the instructions given to the jury by this Court were not in accord with *Bailey v. United States*, — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Mitchell asks for a retrial on the Section 924(c) charge. The Court denies the Motion because the jury instruction he complains of did not work actual prejudice to his case at trial.

### II. Background

District of Columbia police officers arrested Wilson Mitchell on November 6, 1989 during a traffic stop of a car in which Mitchell was a passenger. Police recovered an unlicensed .38 caliber pistol from the crotch area of Mr. Mitchell's pants. Upon searching the car, police recovered 54.73 grams of 75% pure crack cocaine. Wilson Mitchell was convicted under 21 U.S.C. §§ 841(a) & (b)(1)(a) of "possession with intent to distribute 50 grams or more of cocaine." (Judgment ("J.") at 1.) Mitchell received a sentence of 165 months on this count. (J. at 2.) Mitchell was also convicted under 18 U.S.C. § 924(c)(1) which provides, in relevant part: "Whoever, during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years...." Mitchell received a sentence of 60 months on this count. (J. at 2.)

Subsequent to Mitchell's conviction, the Supreme Court invalidated the District of Columbia Circuit's definition of the term "use" in Section 924(c)(1). *Bailey v. United States*, — U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995). In *Bailey*, the Court held that, "[E]vidence of the proximity and accessibility of a firearm to drugs or drug proceeds is [not] alone sufficient to support a conviction for 'use' of a firearm during and in relation to a drug trafficking offense under 18 U.S.C. § 924(c)(1)," 116 S.Ct. at 503, and "that a conviction for 'use' of a firearm under § 924(c)(1) requires more than a showing of mere possession." *Id.* at ——, 116 S.Ct. at 506. The Court concluded "that the language, context, and history of § 924(c)(1) indicate that the Government must show active employment of the firearm." *Id.*

At the close of Mitchell's trial, the court instructed the jury that:

Title 18, Section 924(c)(1) of the United States Code makes it an offense for a person to carry or use a firearm during and in relation to a drug trafficking crime.

\* \* \* \* \* \*

The essential elements of this offense, each of which the Government must prove beyond a reasonable doubt, are:

First, that on or about the date alleged in the indictment, the Defendants used or carried a firearm, that is the firearm described in Count 2 of the indictment for Mitchell ...

\* \* \* \* \* \*

The term use means to employ or to avail oneself of....

In order to establish that the Defendant used or carried the firearm, the Government need not show that the Defendant actually carried the firearm on his person.

*To satisfy the first element of the offense, it is sufficient if you find that during the commission of (the) drug trafficking crime the Defendant had both the power and the intention to exercise dominion and control over the firearm.*

(Record ("R.") at 80–82.) Mitchell argues that the italicized language quoted constitutes reversible error under the Section 924(c)(1) "use" test articulated by the Su-

preme Court in *Bailey,* and asks for a retrial on that count.

## III. Discussion

To challenge a jury instruction by collateral attack, Mitchell "must show that 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *United States v. Kleinbart,* 27 F.3d 586, 591 (D.C.Cir.1994).(quoting *United States v. Frady,* 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982)). To determine whether Mitchell "has carried his burden of showing actual prejudice, 'a single instruction to the jury may not be judged in artificial isolation but must be viewed in the context of the overall charge.'" *Id.* (quoting *Cupp v. Naughten,* 414 U.S. 141, 146–147, 94 S.Ct. 396, 400–401, 38 L.Ed.2d 368 (1973)).

"[A] weapon is carried ... on or about the defendant's person if it is located in such proximity to the person as to be convenient of access and within reach." *United States v. Anderson,* 881 F.2d 1128, 1141 (D.C.Cir.1989) (explaining the meaning of "carry" under 18 U.S.C. § 924(c)(1)). At the time of his arrest, Mitchell had a gun hidden in his pants. Even if the facts of the case are inadequate to support a conviction under Justice O'Connor's "active employment" definition of the Section 924(c) "use" prong, the fact that the Petitioner had the gun in his pants at the time of his arrest indicates that a jury could easily find him guilty of carrying the weapon.

A comparison of the examples given by Justice O'Connor of the difference between "use" and "carry" with the facts of this case is illuminating.

> Under the interpretation we enunciate today, a firearm can be used without being carried, *e.g.,* when an offender has a gun on display during a transaction, or barters with a firearm without handling it; and a firearm can be carried without being used, *e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction.*

*Bailey,* —— U.S. at ——, 116 S.Ct. at 507 (emphasis added). In the present case, the gun was recovered from the Petitioner's crotch. The key point in both examples of using without carrying given by the Supreme Court is that the defendant does not touch the firearm. According to Mitchell's testimony at trial, and according to his attorney in this Motion for Relief, Mitchell was carrying the firearm at the time of his arrest on the drug trafficking crime. Because no rational juror could have ignored the overwhelming evidence of guilt under the "carry" prong, it does not matter whether the challenged instruction allowed the jury to convict for "use" as well. This case is different from one "in which a jury convicts a defendant on two grounds, one of which is legally insufficient." *United States v. Collins,* 56 F.3d 1416, 1421 (D.C.Cir.1995) (citing *Griffin v. United States,* 502 U.S. 46, 58–59, 112 S.Ct. 466, 474, 116 L.Ed.2d 371 (1991)).

Mitchell argues that the verdict must be set aside because "the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." *See Yates v. United States,* 354 U.S. 298, 311, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957). Mitchell claims that "it is impossible to tell which ground ['use' or 'carry'] the jury selected." (Mot. at 6.) This argument assumes its own conclusion. The relevant question is whether the jury could have found that Mitchell used the firearm without also having found that Mitchell carried the firearm.

The character of the act alleged clearly associates it with the legal standard of "carry," regardless of the definition of "use" given by a judge in a jury charge. A juror in this case could have found that: (a) Mitchell carried the firearm; or (b) Mitchell both "used" the firearm *and* carried the firearm. No rational juror could have found from these facts that Mitchell "used" the firearm, without also carrying it.

## IV. Conclusion

The instruction against which Mitchell complains did not work actual prejudice to his case at trial. Furthermore, the jury had to have found "carry," regardless of whether it also found "use." The conviction, therefore, stands.

**32**

An appropriate order accompanies this Memorandum.

### ORDER

Upon consideration of Petitioner's Motion for Relief from Conviction Pursuant to 28 U.S.C. § 2255, the opposition thereto, the entire record herein, and for the reasons stated in the accompanying memorandum, it is by the Court this 16th day of July 1996

**ORDERED** that Petitioner's Motion for Relief from Conviction Pursuant to 28 U.S.C. § 2255 is **DENIED.**