### 890. FORT v. THE STATE.

HILL, C. J. Newly discovered evidence which is immaterial, incompetent, or merely impeaching in character, is not ground for a new trial. Civil Code, § 5480; 14 Michie's Enc. Dig. Ga. Rep. 400.

2. While the party who is entitled to the concluding argument should be required to state to his adversary, before he addresses the jury, the questions of law that he will make in the case, and read or present to him the authorities which he expects to use, this rule does not apply when the only question in the case is one of fact, and there is no controversy as to the law. But the refusal of the court to require the party, before he concludes the argument, to state his points of law, or authorities in support thereof, is no ground for a new trial. The proper practice would be to ask leave to reply to questions of law not presented except in the concluding argument.

3. Where, pending the argument, a controversy arises between counsel as to the testimony of a certain witness, the court can have the witness recalled; or, where the testimony of the witness has been taken down in shorthand by the official reporter, have him to read to the jury from his notes the testimony of the witness; and where neither one of these plans is insisted on by counsel, the court can leave the matter to the recollection of the jury. The court is under no duty to settle controversies between counsel as to the testimony of a witness, by stating his recollection of the testimony of the witness.

4. The verdict is supported by the evidence.      *Judgment affirmed.*

Accusation of gaming, from city court of Americus—Judge Crisp. November 19, 1907.

Submitted January 13,—Decided January 27, 1908.

*Allen Fort & Son,* for plaintiff in error.

*Zach Childers, solicitor,* contra.