72658. THOMPKINS v. THE STATE.
(349 SE2d 768)

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter and he appeals.

1. Appellant contends the trial court erred by giving an instruction on voluntary manslaughter, because there was no evidence that the killing in this case was the result of a sudden, violent and irresistible passion resulting from serious provocation.

Appellant's girl friend, Dorothy Walker, had dated Arthur Little, the victim, for a period of about two months about a year before the incident involved here. She later started going with appellant, who was spending the night at Walker's house on the night of the killing. Late on the night of October 21, 1985 Little asked Frankie O'Neal for a ride, and directed O'Neal to Walker's house. Little told O'Neal to wait for him, then went in the house and talked to Kat Walker, Dorothy's sister, for a few minutes and returned to O'Neal's truck. As Little was getting in the truck appellant came out on the porch and asked what was going on; apparently a few words were exchanged and O'Neal and Little departed. Five or ten minutes later Little returned to the Walker house and was standing on the porch talking to Kat. Appellant and Dorothy were in bed, and when appellant heard someone talking at the door he put on his pants and shoes, took a gun

from under the mattress and went out the back door. Appellant came around the house to the front porch, and told Little not to reach for his pocket. Kat saw that appellant had a gun and started back in the house. She heard five shots and saw Little crawl under the house; appellant reached under the house and fired three more times. Little died as a result of six gunshot wounds in his body. Appellant testified that Little said he was going to kill appellant and he shot Little in self-defense. Kat Walker testified that she did not hear Little threaten appellant, and did not see a gun in Little's hand. Appellant also testified that he did not see a gun in Little's hand, but thought he had a gun because he started to reach for his pocket.

OCGA § 16-5-2 (a) provides, in pertinent part: "A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; . . ." In order to warrant a charge on voluntary manslaughter, the evidence must not only show an act of violent passion, but also some serious provocation sufficient to excite such passion in a reasonable man. *Swett v. State*, 242 Ga. 228, 230 (248 SE2d 629) (1978). We find no evidence in this case to indicate that the killing was done in the heat of sudden passion, or was the result of serious provocation. On the contrary, the evidence indicates that the shooting was a deliberate act on the part of appellant, who got out of bed, dressed, got his gun, went outside and around the house, and shot Little. Further, appellant's defense in this case was that he acted in self-defense, not that he killed Little in the heat of passion as the result of serious provocation. Voluntary manslaughter denotes one acting out of anger or passion; self-defense denotes one acting with a motive to prevent injury. *Murff v. State*, 251 Ga. 478, 480 (306 SE2d 267) (1983). Thus, voluntary manslaughter as a lesser offense was not raised by the evidence and a charge on that offense was not warranted. However, if in a trial for murder the evidence does not involve the law of voluntary manslaughter, but the trial judge instructs on voluntary manslaughter and the jury convicts of voluntary manslaughter, it is not cause for a new trial if the evidence demanded a verdict of murder. *Varnum v. State*, 125 Ga. App. 57, 62 (1) (186 SE2d 485) (1971); *Holmes v. State*, 162 Ga. App. 717, 718 (293 SE2d 16) (1982). In our opinion the evidence demanded a verdict of murder. Hence, there is no cause for a new trial. Id.

2. Appellant contends the evidence is not sufficient to support the verdict. We have read the entire transcript and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant contends the trial court erred by charging the jury

on the law of self-defense, because it limited that defense to "reasonably courageous" persons. The charge complained of was as follows: "But it must appear that the circumstances were sufficient to cause a reasonable belief on the part of a reasonably courageous person, that the deceased intended to use imminent and unlawful force against or toward the Defendant, . . ." Appellant's argument that use of the term "reasonably courageous person" improperly limited his defense of justification is without merit, as the language used in the charge has been approved by our appellate courts. *Gardner v. State*, 216 Ga. 146, 150 (6) (114 SE2d 852) (1960); *Robertson v. State*, 95 Ga. App. 445, 449 (6) (98 SE2d 199) (1957).

4. Appellant contends it was error to allow the State to waive opening argument without disclosing the legal theory it would propound in closing argument. Appellant relies on *Fort v. State*, 3 Ga. App. 448 (2) (60 SE 282) (1908) in support of this contention. In that case the court held: "While the party who is entitled to the concluding argument should be required to state to his adversary, before he addresses the jury, *the questions of law* that he will make in the case, and read or present to him the authorities which he expects to use, this rule does not apply *when the only question in the case is one of fact*, and there is no controversy as to the law. But the refusal of the court to require the party, before he concludes the argument, to state his points of law, or authorities in support thereof, is no ground for a new trial. . . ." (Emphasis supplied.) The prosecuting attorney in this case made *no* arguments of law in his closing argument, but based his argument solely on the evidence presented in court, i.e., the facts in the case. *Fort* has no application here; hence, we find no error.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 24, 1986 —
REHEARING DENIED OCTOBER 8, 1986

*Samuel A. Hilbun*, for appellant.
*Beverly B. Hayes, District Attorney, William T. McBroom, Assistant District Attorney*, for appellee.