## 73634. WRIGHT v. THE STATE.
(356 SE2d 681)

SOGNIER, Judge.

Appellant was charged with murder and convicted of voluntary manslaughter. In his sole enumeration of error he contends the evidence is not sufficient to support the verdict because there is no evidence that the killing was committed in the heat of sudden passion as a result of serious provocation.

Appellant, his brother David Wright, and several other persons were at the home of Sadie Reaves, appellant's former wife, drinking. Appellant departed and on his return, got upset with David for telling Reaves where he had gone. When David denied this, appellant pushed David, who was sitting on a couch. The evidence is in conflict as to whether appellant immediately went to the bedroom and got a sawed-off shotgun or whether he went in the bedroom and got the gun about fifteen minutes later. In either event, after getting the gun out of the bedroom appellant walked up to his brother and shot him, resulting in David's death. Although appellant testified that the gun went off accidentally when he handed it to David to give to a third person, appellant's daughter and Jasper Mason both testified that appellant just walked up to David and shot him.

Appellant contends that this evidence is not sufficient to support a conviction of voluntary manslaughter because even assuming appellant and his brother argued, words alone cannot provide the necessary provocation to reduce a homicide from murder to voluntary manslaughter. Although this is a correct statement of the law, *Paynter v. State*, 164 Ga. App. 391 (297 SE2d 327) (1982), that rule has no application here.

The evidence would clearly support a charge of murder, as it is apparent that appellant walked up to his brother and shot him in cold blood. Appellant filed a written request for a charge on voluntary manslaughter, and where the evidence supports a verdict of guilty of the more serious offense, and there is slight evidence of the lesser included offense, a defendant who requests a charge on, and is convicted of, the lesser offense may not successfully urge the general grounds on appeal. *State v. Clay*, 249 Ga. 250, 251 (290 SE2d 84) (1982). Further, even if the evidence was not sufficient to warrant a

charge on voluntary manslaughter, we have held that in a trial for murder, if the evidence does not involve the law of voluntary manslaughter, but the trial judge instructs on voluntary manslaughter and the jury convicts of voluntary manslaughter, it is not cause for a new trial if the evidence demanded a verdict of murder. *Thompkins v. State*, 180 Ga. App. 473, 474 (1) (349 SE2d 768) (1986). Accordingly, we find no error. The evidence otherwise is more than sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED APRIL 9, 1987.

*Robert H. Green, Robert M. Boulineau*, for appellant.
*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney*, for appellee.