## A04A1629. REESE v. THE STATE.
### (607 SE2d 165)

MILLER, Judge.
Joe Clayton Reese appeals from a conviction for voluntary manslaughter on the grounds that there was insufficient evidence to support the conviction and that the trial court erred in its handling of the jury. We find no error and therefore affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that Reese became involved in an altercation between his father and mother. When his father began throwing rocks at the family chickens, Reese made him stop by holding him in a headlock and by the nose. Reese then went into the house, where his mother was. Reese's brother arrived, becoming angry when he learned of the altercation between Reese and their father, and said that he had warned Reese that if he ever touched their father, he would kill

---

[16] *Graff v. McReynolds & Assoc.,* 248 Ga. App. 26, 27 (1) (545 SE2d 159) (2001).
[17] See id.

him. Reese, who now had a rifle, replied, "I didn't hurt him. I just put him in a headlock. I promise you." Both the mother and a stepbrother tried to calm Reese's brother, but he started up the front porch steps toward Reese. The mother backed Reese into a corner of the porch and moved toward the brother, who knocked her aside. Reese shot his brother eight times; he died minutes later. Reese was charged with murder, felony murder, and aggravated assault. He was found guilty of voluntary manslaughter and sentenced to 20 years in prison. He now appeals on three grounds: that the evidence was insufficient to support his conviction, that the trial court improperly dismissed a juror, and that an instruction on self-defense was improperly given.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Reese first argues that because there was no evidence that he was so influenced or excited that he reacted passionately rather than simply in an attempt to defend himself, the evidence was insufficient to support the jury's verdict of voluntary manslaughter. See *Yates v. State*, 274 Ga. 312, 316-317 (3) (553 SE2d 563) (2001). We disagree.

It is true that if the State's evidence fails to support a guilty verdict on either a murder charge or the lesser included offense of voluntary manslaughter, the conviction must be reversed. See *State v. Clay*, 249 Ga. 250, 251 (1) (290 SE2d 84) (1982). It is no less true, however, that a jury instructed on voluntary manslaughter may convict a defendant of that charge even when the evidence does not involve the law of voluntary manslaughter, so long as that evidence demands a verdict of murder. *Thompkins v. State*, 180 Ga. App. 473, 474 (1) (349 SE2d 768) (1986); *Varnum v. State*, 125 Ga. App. 57, 62 (1) (186 SE2d 485) (1971); see also *Robinson v. State*, 109 Ga. 506, 507 (34 SE 1017) (1900).

Here, there was evidence to support the primary charge of murder, since Reese shot an unarmed man eight times with a rifle. Of course, the jury could have found that Reese did so under the reasonable apprehension that his life was in danger, since the mother testified that the victim ran at him with a "shiny" object in his clenched fist. This jury did not make that judgment, however, perhaps because the object the mother took to be a knife was in fact only a set of keys. We will not disturb their verdict where, as here, the defendant did not object to a jury instruction on voluntary manslaughter, and where a rational trier of fact could have found that he did not

act in self-defense. See *Thompkins*, supra, 180 Ga. App. at 474 (1); *Clay*, supra, 249 Ga. at 253 (1).

2. Reese next contends that the trial court improperly dismissed a juror when the juror testified during voir dire that he "probably would" pay attention to inadmissible evidence even in the face of instructions to ignore it. A trial court enjoys broad discretion in handling a voir dire examination, including both its interrogation of a prospective juror and its judgment that the juror should be dismissed for cause. See *Pitts v. State*, 260 Ga. App. 553, 559-560 (5) (b), (6) (580 SE2d 618) (2003). The juror's statements indicated that he might not have been able to be fair and impartial. There was no abuse of discretion here.

3. Finally, Reese contends that the trial court erred when it issued a jury instruction on unjustifiable self-defense. On appeal, as at trial, his view is that there was no evidence to support such a charge. We disagree.

Under OCGA § 16-3-21 (b), a person is not justified in using force if that person

> (1) [i]nitially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant;
>
> (2) [i]s attempting to commit, committing, or fleeing after the commission or attempted commission of a felony; or
>
> (3) [w]as the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so. . . .

Id. Where an instruction closely tracks the language of OCGA § 16-3-21, as the charge in this case does, giving that instruction is not harmful, even when the exceptions described by subsection (b) do not apply. *Jolley v. State*, 254 Ga. 624, 628 (4) (331 SE2d 516) (1985). Reese's contention is without merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2004 —
RECONSIDERATION DENIED NOVEMBER 19, 2004 — ■

*Valpey & Parks, Leonard C. Parks, Jr.*, for appellant.

*Jason J. Deal, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.