## A05A1261. RODRIGUEZ v. THE STATE.
(618 SE2d 177)

MILLER, Judge.

Following a jury trial, Miguel Rodriguez was found guilty of voluntary manslaughter, felony murder, and aggravated assault. He appeals on the grounds that the evidence was insufficient to support his convictions and that the trial court erred when it admitted his statement, when it charged the jury on malice, and when it imposed a sentence of 15 years to serve. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Rodriguez and his girlfriend were in a nightclub when the victim entered with several compatriots. After Rodriguez's girlfriend refused to dance with the victim, the two men argued. After this first confrontation, Rodriguez took his girlfriend's hand and placed it on the gun he was carrying in his rear waistband. Shortly thereafter, the victim approached the couple and hit Rodriguez's girlfriend in the face. The club's security personnel then asked the victim and two of his friends to leave, which they did. After remaining in the club for a short time, Rodriguez rushed out when he saw the three men getting into a taxi. The men and Rodriguez then charged at each other. Rodriguez shot the unarmed victim twice and fled the scene.

Rodriguez was apprehended in San Antonio, Texas. A detective who was also a certified translator for the San Antonio police department began his interview with Rodriguez by reading him his *Miranda* rights in Spanish. After signing the *Miranda* rights warning, Rodriguez indicated that he wanted to make a statement. The detective then asked Rodriguez questions, immediately translating his responses into English. After the transcription was completed, a second detective who had not been present during the question-and-answer session retranslated the statement into Spanish and asked Rodriguez whether it was his own true statement. Rodriguez told him that it was, and signed the statement itself. At trial, Rodriguez was found guilty of voluntary manslaughter, felony murder, and aggravated assault. His motion for new trial was denied.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Rodriguez first argues that the trial court erred when it admitted into evidence the statement he gave to police shortly after

his arrest. Specifically, he argues that because his statement was obtained as a result of a question-and-answer exchange in Spanish, but was immediately reduced to a single written copy in English, his acceptance of the statement as his own by means of signature could not have been valid. We disagree.

A trial court's finding at the conclusion of a *Jackson-Denno* hearing that a defendant's statement was freely and voluntarily made will be sustained unless it was clearly erroneous. *Smith v. State*, 265 Ga. 570, 571 (2) (459 SE2d 420) (1995); *Moreno v. State*, 251 Ga. App. 352, 353-354 (2) (553 SE2d 387) (2001).

Here, the two San Antonio police officers involved in the production of the statement were subjected to cross-examination at trial. In the absence of any evidence that Rodriguez failed to understand the *Miranda* warnings given immediately before the interview or that the English version of his statement was inaccurate, and since we cannot assume that Rodriguez did not know that his signature would validate the statement, the trial court's determination that the statement was freely and voluntarily made was not clearly erroneous. See *Cortez v. State*, 253 Ga. App. 699, 702 (1) (c) (561 SE2d 142) (2002) (in absence of evidence that statement was inaccurate, English translation of Spanish speaker's statement is admissible without Spanish version); *Choi v. State*, 269 Ga. 376, 377 (3) (497 SE2d 563) (1998) (statement is admissible when defendant cannot point to specific errors in translation).

2. Rodriguez next asserts that the trial court committed reversible error when it delivered an erroneous charge to the jury concerning malice. We disagree.

Since the jury acquitted Rodriguez of malice murder, he cannot show that he was harmed as a result of any error in the trial court's charge as to that count. *Oliver v. State*, 274 Ga. 539, 540 (2) (554 SE2d 474) (2001). Though we need not do so, we also note that the trial court misstated the law when it charged the jury that "[i]f a killing is done *without malice*, no matter how short a time the malicious intent may have existed, such killing constitutes murder." However, a slip of the tongue such as this does not warrant reversal if the charge, taken as a whole, stated the law accurately. See *Williams v. State*, 267 Ga. 771, 773-774 (2) (a) (482 SE2d 288) (1997) (trial court's "slip of the tongue" that felony murder did not require intent of underlying felony was not reversible error where charge as a whole indicated that intent was indeed necessary). Here, the trial court stated the law correctly immediately before and after its misstatement. The charge on murder was thus accurate as a whole. Id.

3. Rodriguez also contends that since the State "acknowledged" at the hearing on his motion for new trial that he was convicted

merely of involuntary manslaughter, the trial court erred in sentencing him to more than ten years. See OCGA § 16-5-3 (a). This argument is belied by the record. Whatever misstatements may have been made at the hearing on the motion for new trial, held almost two years after the trial itself, Rodriguez was in fact convicted of voluntary manslaughter. The sentence imposed was proper. See OCGA § 16-5-2 (b) (authorizing sentence for voluntary manslaughter of up to 20 years).

4. Finally, Rodriguez argues that the evidence was insufficient to support the jury's verdict. We disagree.

Here, an eyewitness testified that Rodriguez was the only person to pull a weapon outside the club, and that he fired that weapon at the victim. Since this would have been sufficient to sustain a guilty verdict as to the murder charge brought against Rodriguez, it also suffices to sustain the jury's verdict as to the lesser offense of voluntary manslaughter, as well as to those of felony murder and aggravated assault. See OCGA §§ 16-5-1 (a), (c) (defining murder and felony murder); 16-5-2 (defining voluntary manslaughter); 16-5-21 (defining aggravated assault); *Thompkins v. State*, 180 Ga. App. 473, 474 (1) (349 SE2d 768) (1986) (evidence demanding verdict of murder will support conviction for voluntary manslaughter where the jury is instructed on the lesser crime).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 21, 2005.

*Cynthia W. Harrison*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.