A08A0740. WILLIAMS v. THE STATE.
(661 SE2d 601)

PHIPPS, Judge.

On appeal from his conviction for statutory rape and aggravated child molestation, Billy Ray Williams argues that the trial court erred when it failed to merge the two counts for sentencing purposes. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer

enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the record shows that between October 2003 and May 2004, when T. J. was 12 years old and living in her mother's household, Williams, her mother's boyfriend, repeatedly came into T. J.'s room at night and forced her to have painful intercourse. T. J. became pregnant, and gave birth in November 2004. Police then obtained a paternity test showing a more than 99.99 percent probability that Williams was the baby's father.

Williams was indicted for and convicted of statutory rape and aggravated child molestation. The indictment alleged that the offenses occurred between October 1, 2003 and May 31, 2004. At sentencing, Williams argued that the two counts should merge for sentencing purposes. The trial court rejected this argument and sentenced him to 50 years with 30 to serve. Williams's motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Williams's convictions.[3]

2. " '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' "[4] The crimes of which Williams was convicted are distinct offenses with different elements.[5] Only the aggravated child molestation charge required the State to prove physical injury (for example, the painful intercourse),[6] and only the statutory rape charge required corroborating evidence (for example, the paternity test).[7] The testimony of the victim also authorized the jury to find that the crimes occurred on different occasions over a period of months. The crimes therefore do not merge as matter of either law or fact.[8]

---

[1] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[2] Id.; *Jackson v. Virginia*, 443 U. S. 307, 320 (99 SC 2781, 61 LE2d 560) (1979).

[3] See OCGA §§ 16-6-3 (defining statutory rape); 16-6-4 (c) (defining aggravated child molestation).

[4] *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006), quoting *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932).

[5] See *McMillian v. State*, 263 Ga. App. 782, 786 (4) (589 SE2d 335) (2003).

[6] OCGA § 16-6-4 (c); see also *Holloway v. State*, 278 Ga. App. 709, 710-711 (629 SE2d 447) (2006) (evidence supporting conviction for aggravated child molestation showed that defendant's penetration of victim was painful).

[7] OCGA § 16-6-3 (a).

[8] *McMillian*, supra (child molestation and statutory rape do not merge when based on more than one act of sexual intercourse with the victim).

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 15, 2008.

*Mary Erickson*, for appellant.
*Patrick H. Head, District Attorney, John R. Edwards, Maurice Brown, Assistant District Attorneys*, for appellee.