**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 17, 2021**

# In the Court of Appeals of Georgia

A21A0292. MURRAY v. THE STATE.

COLVIN, Judge.

On appeal from his conviction for aggravated assault, Johnny Murray argues that the trial court erred when it admitted into evidence five hearsay statements, including three made by the victim just after the crime. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Thus viewed in favor of the jury's verdict, the record shows that the victim had been in a relationship with Murray for three years when the two decided to retrieve personal items from each other's houses. The victim, her friend, and the victim's son drove to Murray's house, where the victim retrieved some of her belongings. Murray then demanded the return of his audio speakers, which were in the victim's trunk. After the victim opened the trunk, Murray went into his house, emerged holding a silver handgun, and sat on the porch with the gun in his lap. Murray then chased the victim around her car and, after the friend opened the car door for her, stuck the gun into the victim's thigh as she sat in the driver's seat. The victim drove away and called police. Murray was arrested and charged with aggravated assault.

Before trial, the State moved for the admission of five statements: the victim's 911 call, her two statements as recorded on the responding police officers' body cameras, and the friend's and son's statements to the second officer. The State argued that these statements were admissible under the excited-utterance and child-hearsay exceptions to the hearsay rule. The State also pointed out that it planned to call all three witnesses to testify at trial, which the defense and the trial court agreed would

be "the best practice here." The trial court then ruled that the victim's and the friend's statements were admissible as excited utterances and the son's as child hearsay.[1] The victim's statements were admitted during the testimony of the first officer. The remaining statements were admitted during the testimony of the second officer. The victim, the friend and the son all testified at trial and were subject to cross-examination by Murray.

After a jury found Murray guilty, he was convicted and sentenced to 20 years with 10 to serve. His motion for new trial was denied.

On appeal, Murray's only assertion is that the trial court erred when it admitted (a) the statements of the victim and the friend and (b) the statement of the son because the admission of these statements violated Murray's rights under the Confrontation Clause. We disagree.

We review a trial court's decision to admit evidence of statements under these exceptions to the rule excluding hearsay only for an abuse of discretion. See *Robbins v. State*, 300 Ga. 387, 390-391 (2) (793 SE2d 62) (2016) (excited utterance); *Nguyen v. State*, 351 Ga. App. 509, 517 (5) (c) (831 SE2d 213) (2019) (child hearsay). Further, and because Murray did not challenge the admission of these statements at

---

[1] The son was 15 years old at the time he made his statement.

3

trial, "[h]is claim is only subject to review for plain error affecting his substantial rights." (Footnote and citation omitted.) *Abernathy v. State*, ___ Ga. App. ___, ___ (1) (849 SE2d 489) (2020). Here, as in *Abernathy*, Murray cannot establish any error, plain or otherwise, because "the Confrontation Clause does not guarantee the reliability of hearsay statements" and because the victim, the friend, and the son all "testified and [were] available for cross-examination at trial." Id. at ___ (1).

(a) OCGA § 24-8-803 (2) defines an "excited utterance," admissible as an exception to the rule against hearsay, as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition[.]"

> While the declarant must still be under the stress or excitement that the startling event caused, the *excited utterance need not be made contemporaneously* to the startling event. It is the *totality of the circumstances*, not simply the length of time that has passed between the event and the statement, that determines whether a hearsay statement was an excited utterance.

(Citation and punctuation omitted; emphasis supplied.) *Robbins*, 300 Ga. at 389-390 (2).

4

The statements of the victim and the friend were made at the crime scene, and a trial court does not abuse its discretion when it finds that, under all the circumstances, such statements were made "under the stress of excitement caused by the event[.]" OCGA § 24-8-803 (2). There was no error here. *Robbins*, 300 Ga. at 390 (2) (no abuse of discretion in admitting a victim's statement made on the morning after a beating that lasted "the entire night").

(b) The Child Hearsay Statute, OCGA § 24-8-820,[2] provides:

(a) A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child by another or with or on another in the presence of such child *shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial*, unless the adverse party forfeits or waives such child's testimony as provided in this title, and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.

(Emphasis supplied.)

---

[2] The current version of the statute applies to proceedings beginning on or after April 18, 2019. OCGA § 24-8-820 (b). This trial was held in May 2019.

The son's statement concerned Murray's attack on his mother in the son's presence, the body camera recording containing the statement was noticed by the State before trial, and the son testified at trial. Under the plain terms of the statute, then, the son's statement was admissible. "So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive." (Citation and punctuation omitted.) *Abernathy*, ___ Ga. App. at ___ (1). There was no error here. Id.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*