**SECOND DIVISION
RICKMAN, C. J.,
MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 5, 2022**

# In the Court of Appeals of Georgia

A22A0992. SARMIENTO-NARANJO v. THE STATE.

RICKMAN, Chief Judge.

On appeal from his conviction for child molestation, rape, incest, and aggravated sexual battery concerning his daughter, Ariel Sarmiento-Naranjo argues that the trial court erred in charging the jury and in overruling a hearsay objection. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in 2019, shortly after the victim was given a journal for her twelfth birthday, she made an entry in it disclosing that she wanted to die and that she had been "SEXUALLY abused by my OWN DAD!" The victim also wrote that she did not "want to say anything [because] he can get deported and its going to be my fault." When the mother asked the victim about the entry, she confirmed the abuse. The victim then disclosed the father's abuse to her therapist, who contacted the Department of Family and Children Services. At a subsequent interview at the Child Advocacy Center and at trial, the victim stated that starting in October 2018, during her visits to his house on weekends and school breaks, including the winter holiday, her father had penetrated her with his finger and his penis and forced her to masturbate him.

Sarmiento-Naranjo was arrested and charged with three counts of child molestation, three counts of rape, three counts of incest, and one count of aggravated sexual battery. During the presentation of the State's evidence, and over a hearsay objection, the examining nurse testified that the mother had told her that the victim "had been raped." The trial court refused to give the defense's requested pattern

2

charge on grave suspicion. The State obtained a charge on prior difficulties over objection.

After the jury found Sarmiento-Naranjo guilty on all counts, the trial court merged five of the counts and sentenced him to life in prison for rape, with the remainder of the sentences running concurrently. His motion for new trial was denied.

1. Sarmiento-Naranjo first argues that the trial court erred when it (a) refused to give the pattern charge on grave suspicion and (b) overruled his objection to the prior difficulties charge. We disagree.

(a) Here, the victim gave extensive testimony of the attacks, which amounted to direct evidence of the abuse and thus "raised more than a bare suspicion" of Sarmiento-Naranjo's guilt. (Citation and punctuation omitted.) *Welch v. State*, 309 Ga. 875, 879 (3) (848 SE2d 846) (2020). "Furthermore, the trial court gave complete instructions on reasonable doubt and presumption of innocence." (Citation omitted.) Id. Consequently, the trial court did not err by refusing to give the requested charge on grave suspicion. Id. (no error in refusal to give a charge on grave suspicion in light of the trial testimony amounting to "direct evidence" of the crime and the completeness of instructions on "reasonable doubt and presumption of innocence").

3

(b) "Proof of prior difficulties between the defendant and victim – including prior acts of molestation – is admissible without notice or a hearing." (Citation and punctuation omitted.) *Rayner v. State*, 307 Ga. App. 861, 864 (1) (706 SE2d 205) (2011). The trial court charged the jury as follows:

> Evidence of prior difficulties or lack thereof, between the defendant and the alleged victim or witness, has been admitted for the sole purpose of illustrati[ng], if it does, the state of [feeling] between the defendant and the alleged victim or witness. Whether this evidence illustrates such matters is a matter solely for you the jury to determine. But you are not to consider such evidence for any other purpose.

There was ample evidence here to justify the giving of the charge, including evidence of Sarmiento-Naranjo's developing habit of sleeping in the victim's bed with the victim prior to any sexual abuse. The victim testified that she remembered feeling uncomfortable when her father came into her bedroom and got on the bed with her. The victim also testified that it made her uncomfortable when her father would make her lie on top of him on the couch "stomach to stomach" while the family watched movies. In addition, evidence was presented at trial that Sarmiento-Naranjo had inappropriate conversations with the victim about orgasms. "Thus, by giving the

charge, the trial court was not commenting on the evidence nor was the charge unsupported by the evidence[,]" and, consequently, there was no error. Id.

2. Sarmiento-Naranjo also contends that the trial court erred when it allowed the examining nurse to testify that the mother told her that her daughter "had been raped" on the ground that it was admissible to explain the nurse's course of conduct. As the State argues, however, the statement was offered to prove not "the truth of the matter asserted" (OCGA § 24-8-801 (c)) – i.e., that the daughter had actually been raped – but rather to explain why the nurse performed a specific type of examination. As such, the mother's statement was not hearsay, and there was no error. See *Carter v. State*, 302 Ga. 200, 204 (2) (b) (805 SE2d 839) (2017) ("[A]n out-of-court statement is *not* hearsay if it is offered for some purpose other than to prove the truth of the matter asserted.").

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur*.